# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Scott McCandliss, Dmidriy Abramyan, Abdikadir Ahmed, Ahmed Katun Ahmed, Ahmed Hassan, Ben Stewart Rountree, Faheem Iqbal Qureshi, Anthony D. Logan, Mohammed Abdulle, Hamoud S. Aldahbali, Jamal Abdi, Abdilahi Awale, and Mohamed A. Hussein,<br><br>   Plaintiffs,<br><br>  v.<br><br>Uber Technologies, Inc., Uber Technologies (GA), Inc., Rasier LLC, Keith Radford, Ahmed Simjee, Joshua Gantt, Leslie Gilmartin, Brian Giquel, Christopher Bosak, Christopher Johnson, Kevin Buttimer, Daniel Anderson, John Stettner, Rachel Pietrocola, Josh Varcoe, Fabian Fernandez, Aminur Choudhury, Seid Shek, Abebe Tesfaye, Samuel Worku, Jean Richard Pierre, Alexander Agbaere, Ayodele Okpodu, and Belay Dagnew,<br><br>   Defendants. | **DEFENDANT UBER TECHNOLOGIES, INC.'S NOTICE OF REMOVAL**<br><br>CIVIL ACTION NO. |

## DEFENDANT UBER TECHNOLOGIES, INC.'S
## NOTICE OF REMOVAL

Defendant Uber Technologies, Inc. ("Uber") hereby removes to this Court the Georgia state court class action described below.  That action is within this Court's original jurisdiction and its removal, therefore, is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  Pursuant to 28 U.S.C. § 1446(d), Uber will serve copies of this Notice upon counsel for Plaintiffs and will file copies of this Notice with the Superior Court of Fulton County, Georgia, as an exhibit to a Notice to Clerk of Filing of Notice of Removal (attached hereto, omitting internal exhibits, as Exhibit A).

## TIMELINESS OF REMOVAL

On September 5, 2014, Scott McCandliss, Dmidriy Abramyan, Abdikadir Ahmed, Ahmed Katun Ahmed, Ahmed Hassan, Ben Stewart Rountree, Faheem Iqbal Qureshi, Anthony D. Logan, Mohammed Abdulle, Hamoud S. Aldahbali, Jamal Abdi, Abdilahi Awale, and Mohamed A. Hussein filed a putative class action captioned *Scott McCandliss et al. v. Uber Technologies, Inc. et al.*, No. 2014CV251052, in the Superior Court of Fulton County, Georgia (the "State Court Action").  Uber was served with the State Court Action Summons and Complaint on September 10, 2014.  Therefore, under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(3)(A), this Notice is timely.  Pursuant to 28 U.S.C. § 1446(a), true and correct

copies of all process, pleadings, and orders served upon Uber in the State Court Action are attached hereto as Exhibit B. Finally, because the Superior Court of Fulton County, Georgia is located within the Atlanta Division of the Northern District of Georgia, 28 U.S.C. § 90(a)(2), this Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

### JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT OF 2005

The State Court Action is within the original jurisdiction of this Court, as the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, grants district courts original jurisdiction over class actions in which the aggregate number of class members is greater than 100, the amount in controversy exceeds $5,000,000, and any plaintiff is a citizen of a state different from any defendant. As shown below, the State Court Action satisfies all the requirements set forth in 28 U.S.C. § 1332(d)(2).

First, the State Court Action is a putative Georgia class action brought pursuant to the Georgia Civil Practice Act, O.C.G.A. § 9-11-23, e.g., Ex. B ¶ 11, which meets the definition of a class action under CAFA. 28 U.S.C. §§ 1332(d)(1), 1453(a).

Second, the aggregate number of plaintiff class members—the total number of members from both the so-called Subclass 1 and Subclass 2—exceeds 100. Ex.

B ¶ 9 (defining putative "Subclass 1" as "[a]ll persons, firms, corporations, or other entities who have owned at least one CPNC (Certificate(s) of Public Necessity and Convenience" and putative "Subclass 2" as "[a]ll persons who are or have been licensed taxicab drivers in the City of Atlanta with a CPNC (Certificate(s) of Public Necessity and Convenience")"; *id.* ¶ 13 (asserting that "the City of Atlanta has issued approximately 1600 CPNCs" and that "[t]here are over 2500 licensed taxicab drivers and renters of CPNCs"). Third, the amount in controversy is at least $5,000,000. Under Section 162-61(d) of the Code of Ordinances of the City of Atlanta, Georgia, "[t]he cost of each CPNC issued by the [Bureau of Taxicabs and Vehicles for Hire] shall be $6,000.00 for taxicabs" and "[n]o sedan or taxicab CPNC shall be sold for less than $6,000.00." And according to Plaintiffs, a CPNC owner "primarily rent[s] the use of [that] CPNC" for "approximately $8,000.00 per year." Ex. B ¶ 26.

Thus, Plaintiffs claim to "have suffered damages in that their [alleged 1,600] CPNCs [that each cost at least $6,000] have lost substantial marketability" and that "the [approximately $8,000 annual] rental value of their CPNC has been diminished [for the over 2,500 renters of CPNCs]." Ex. B ¶ 41. In addition, Plaintiffs seek to enjoin Uber's business in the City of Atlanta, Ex. B ¶ 59, the revenues of which exceed $5 million.

Third and finally, Plaintiffs all are "residents and citizens of Fulton County and/or the State of Georgia," Ex. B ¶¶ 4, while Uber "is a foreign corporation organized under the laws of the State of Delaware." *id.* ¶ 5.

Under 28 U.S.C. § 1453(b), "[a] class action may be removed to a district court of the United States . . . by any defendant without the consent of all defendants." "[O]ne defendant may remove the entire action, including claims against all defendants, using the procedures established by § 1453 and the incorporated provisions of § 1446." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1196 (11th Cir. 2007) (citing *Braud v. Transport Serv. Co.*, 445 F.3d 801, 808 (5th Cir. 2006) ("The language of CAFA is plain that any single defendant can remove (without the consent of the other defendants) the entire class action (not merely the claims against that defendant).")).

*[signature on the following page]*

DATED: October 10, 2014

        /s/ Michael W. Tyler
        Michael W. Tyler


Michael W. Tyler (GA Bar No. 721152)
   mtyler@kilpatricktownsend.com
Ross D. Andre (GA Bar No. 280210)
   randre@kilpatricktownsend.com
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile: (404) 815-6555

Stephen A. Swedlow (*pro hac vice* forthcoming)
   stephenswedlow@quinnemanuel.com
Amit B. Patel (*pro hac vice* forthcoming)
   amitbpatel@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone:  (312) 705-7400
Facsimile: (312) 705-7401

Arthur M. Roberts (*pro hac vice* forthcoming)
   arthurroberts@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Attorneys for Uber Technologies, Inc.

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated:  October 10, 2014.

/s/ Michael W. Tyler
Michael W. Tyler

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2014, I served a copy of the foregoing DEFENDANT UBER TECHNOLOGIES, INC.'S NOTICE OF REMOVAL to counsel for Plaintiffs by depositing a copy in the U.S. Mail, first class postage prepaid, addressed as follows:

William A. Pannell
WILLIAM A. PANNELL, P.C.
433 Chateau Drive, NW
Atlanta, GA 30305

Keith E. Fryer
FRYER, SHUSTER & LESTER, PC
1050 Crown Pointe Parkway, Suite 410
Atlanta, GA 30338

/s/ Michael W. Tyler
Michael W. Tyler