# Exhibit B





# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

| | |
|---|---|
| SCOTT MCCANDLISS, ET AL. | ) Case |
| | )No.: __2014CV251052__ |
| | ) |
| (See Addendum Attached) | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UBER TECHNOLOGIES, INC., ET AL. | ) |
| | ) |
| | ) |
| (See Addendum Attached) | ) |
| Defendant | |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

WILLIAM A. PANNELL
433 CHATEAU DR.
ATLANTA, GEORGIA 30305

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (S) days of such service. Then time to answer shall not commence until such proof of service has been filed. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

This____5th____day of____Sept____,2014.

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you ____9/10/14____  20_____

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Date Served: 9/10/14
Time Served: 3:40
SR

**PLAINTIFFS (13)**

SCOTT MCCANDLISS,

DMIDRIY ABRAMYAN,

ABDIKADIR AHMED,

AHMED KATUN AHMED,

AHMED HASSAN,

BEN STEWART ROUNTREE,

FAHEEM IQBAL QURESHI,

ANTHONY D. LOGAN,

MOHAMED ABDULLE,

HAMOUD S. ALDAHBALI,

JAMAL ABDI,

ABDILAHI AWALE,

MOHAMED A. HUSSEIN

**DEFENDANTS (25)**

UBER TECHNOLOGIES, INC.,

UBER TECHNOLOGIES(GA), INC.,

RASIER, LLC

KEITH RADFORD,

AHMED SIMJEE,

JOSHUA GANTT,

LESLIE GILMARTIN,

BRIAN GIQUEL,

CHRISTOPHER BOSAK,

CHRISTOPHER JOHNSON,

KEVIN BUTTIMER,

DANIEL ANDERSON,

JOHN STETTNER,

RACHEL PIETROCOLA,

JOSH VARCOE,

FABIAN FERNANDEZ,

AMINUR CHOUDHURY,

SEID SHEK,

ABEBE TESFAYE,

SAMUEL WORKU,

JEAN RICHARD PIERRE,

ALEXANDER AGBAERE,

AYODELE OKPODU,

SAMI MAGESHA

BELAY DAGNEW

**SECOND ORIGINAL**

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| SCOTT MCCANDLISS,<br>DMIDRIY ABRAMYAN, ABDIKADIR<br>AHMED, AHMED KATUN AHMED, AHMED<br>HASSAN, BEN STEWART ROUNTREE,<br>FAHEEM IQBAL QURESHI, ANTHONY<br>D. LOGAN, MOHAMED ABDULLE,<br>HAMOUD S. ALDAHBALI, JAMAL ABDI,<br>ABDILAHI AWALE, MOHAMED A. HUSSEIN<br>and all others similarly situated | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action File No. 2014CV251052 |
| Plaintiffs, | )<br>) |
| v. | ) CLASS ACTION<br>) |
| UBER TECHNOLOGIES, INC.,<br>UBER TECHNOLOGIES (GA), INC.,<br>RASIER, LLC<br>  and<br>KEITH RADFORD, AHMED SIMJEE,<br>JOSHUA GANTT, LESLIE GILMARTIN,<br>BRIAN GIQUEL, CHRISTOPHER BOSAK,<br>CHRISTOPHER JOHNSON, KEVIN<br>BUTTIMER, DANIEL ANDERSON, JOHN<br>STETTNER, RACHEL PIETROCOLA,<br>JOSH VARCOE, FABIAN FERNANDEZ,<br>AMINUR CHOUDHURY, SEID SHEK,<br>ABEBE TESFAYE, SAMUEL WORKU,<br>JEAN RICHARD PIERRE, ALEXANDER<br>AGBAERE, AYODELE OKPODU,<br>BELAY DAGNEW, individually and<br>all others similarly situated, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

FILED IN OFFICE

SEP - 5 2014

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## COMPLAINT

COME NOW, SCOTT MCCANDLISS, DMIDRIY ABRAMYAN, ABDIKADIR
AHMED, AHMED KATUN AHMED, AHMED HASSAN, BEN STEWART ROUNTREE,
FAHEEM IQBAL QURESHI, ANTHONY D. LOGAN,  MOHAMED ABDULLE, HAMOUD
S. ALDAHBALI, JAMAL ABDI, ABDILAHI AWALE, MOHAMED A. HUSSEIN on behalf
of themselves and all others similarly situated ( "Plaintiffs" or "Plaintiff  Class") and files this,

their Complaint against UBER TECHNOLOGIES, INC., UBER TECHNOLOGIES (GA), INC. and RASIER,LLC (collectively referred to as "Uber" or "Uber Defendants") and a Class of Atlanta Uber managers and drivers represented by KEITH RADFORD, AHMED SIMJEE, JOSHUA GANTT, LESLIE GILMARTIN, BRIAN GIQUEL, CHRISTOPHER BOSAK, CHRISTOPHER JOHNSON, KEVIN BUTTIMER, DANIEL ANDERSON, JOHN STETTNER, RACHEL PIETROCOLA, JOSH VARCOE, FABIAN FERNANDEZ AMINUR CHOUDHURY, SEID SHEK, ABEBE TESFAYE, SAMUEL WORKU, JEAN RICHARD PIERRE, ALEXANDER AGBAERE, AYODELE OKPODU, SAMI MAGESHA, BELAY DAGNEW (hereinafter referred to as "Defendant Class") showing the Court as follows:

## BACKGROUND

### 1.

To ensure that the public has access to safe and uniform means of vehicle-for-hire transportation, the City of Atlanta has developed a number of ordinances and regulations to protect the riding public. Taxi companies and drivers must abide by these ordinances as well as rules and regulations, promulgated over decades, designed to protect consumers, ensure public safety, safeguard competition, and ensure non-discriminatory services. Taxi companies and drivers have invested significant capital and resources to develop systems and infrastructure that ensures regulatory compliance and provides adequate consumer protections.

### 2.

The City of Atlanta issues a finite number of taxi medallion licenses, called a CPNC *(Certificate(s) of Public Necessity and Convenience)*, each associated with a unique taxi number. The CPNC medallions have been specially authorized by O.C.G.A § 36-60-25 which established them with all property rights including conveyance and ownership. A taxicab may not legally operate in Atlanta without such a validly issued CPNC license.

### 3.

Uber began operating a fleet of "vehicles for hire" in the City of Atlanta in the Summer of 2012. Uber ignores and violates the rules and ordinances of the City of Atlanta including

Atlanta Taxi Ordinances and operates without any CPNCs. Uber illegally operates as a taxicab business as it advertises and solicits business for its drivers, dispatches the calls and charges customers via credit cards based on measured time and calculations of mileage through the use of GPS and "smartphones". As a result, Uber has damaged the property values of the CPNCs and its interference with Plaintiffs' contractual and property rights has lessened the value of CPNCs to their owners and/or the taxi drivers who pay weekly and/or monthly rents for their use. Additionally, the UBER Defendants and their drivers who are members of the Defendant Class have unlawfully interfered with the Plaintiff Subclass of Taxi Drivers' businesses in the City of Atlanta resulting in lost fares and revenues.

## PARTIES AND JURISDICTION

### 4.

Plaintiffs SCOTT MCCANDLISS, DMIDRIY ABRAMYAN, ABDIKADIR AHMED, AHMED KATUN AHMED, AHMED HASSAN, BEN STEWART ROUNTREE, FAHEEM IQBAL QURESHI, ANTHONY D. LOGAN, MOHAMED ABDULLE, HAMOUD S. ALDAHBALI, JAMAL ABDI, ABDILAHI AWALE, MOHAMED A. HUSSEIN are all residents and citizens of Fulton County and/or the State of Georgia.

### 5.

Defendant UBER TECHNOLOGIES, INC., is a foreign corporation organized under the laws of the State of Delaware and at all times relevant to this action controlled and operated its wholly owned subsidiaries/divisions, UBER TECHNOLOGIES (GA), INC. and RASIER, LLC as well as all technology to arrange rides for and collect money from customers in the State of Georgia. It is subject to jurisdiction pursuant to Georgia's Long Arm Statute, O.C.G.A. § 9-10-90 et seq. It may be served through its registered agent, National Registered Agents, Inc., 160 Greentree Dr. Ste 101, Dover, Delaware 19904, pursuant to O.C.G.A.§ 9-10-94.

### 5a.

Defendant UBER TECHNOLOGIES (GA), INC., is a foreign corporation which is registered to do business in the State of Georgia and maintains a place of business in Fulton County, Georgia. Its registered agent is National Registered Agents, Inc. located in Fulton County, Georgia at 1201 Peachtree Street, NE, Atlanta, Ga. 30361.

5b.

Defendant RASIER, LLC is a foreign corporation which is registered to do business in the State of Georgia and maintains a place of business in Fulton County, Georgia. Its registered agent is National Registered Agents, Inc. located in Fulton County, Georgia at 1201 Peachtree Street, NE, Atlanta, Ga. 30361.

5c.

UBER TECHNOLOGIES, INC., UBER TECHNOLOGIES (GA), INC. and RASIER, LLC, (collectively referred to as "Uber" or "Uber Defendants") have in conspiracy and concert acted with one another to damage Plaintiffs, the Plaintiff Class and Plaintiff Subclasses as set forth herein and below.

6.

Defendants KEITH RADFORD, AHMED SIMJEE, JOSHUA GANTT, LESLIE GILMARTIN, BRIAN GIQUEL, CHRISTOPHER BOSAK, CHRISTOPHER JOHNSON, KEVIN BUTTIMER, DANIEL ANDERSON, JOHN STETTNER, RACHEL PIETROCOLA, JOSH VARCOE, FABIAN FERNANDEZ, AMINUR CHOUDHURY, SEID SHEK, ABEBE TESFAYE, SAMUEL WORKU, JEAN RICHARD PIERRE, ALEXANDER AGBAERE, AYODELE OKPODU, SAMI MAGESHA, BELAY DAGNEW are all residents and citizens of Fulton County and/or the State of Georgia.

7.

It is believed that over 90% of the members of the Plaintiff Class and Defendant Class are residents and citizens of the State of Georgia. All of the individual persons named as Plaintiffs or Defendants are residents of the State of Georgia. The actions giving rise to this Complaint occurred in the City of Atlanta, Fulton County, Georgia.

8.

Jurisdiction and Venue are proper in the Superior Court of Fulton County, Georgia.

## CLASS ACTION ALLEGATIONS

### 9.

The Plaintiff Class is defined as all owners of *at least one* **CPNC** *(Certificate(s) of Public Necessity and Convenience)* and/or drivers of a licensed taxicab in the City of Atlanta via a CPNC since August 24, 2012 ("the Class")[1] with the following subclasses:

(a) Subclass 1:  All persons, firms, corporations or other entities who own or have owned at least one **CPNC** (Certificate(s) of Public Necessity and Convenience);

(b) Subclass 2:   All persons who are or have been licensed taxicab drivers in the City of Atlanta with a **CPNC** (Certificate(s) of Public Necessity and Convenience);

### 10.

The Defendant Class is defined as all persons, firms, partnerships, corporations or other entities which have owned and/or operated any vehicle for Uber which charged passenger(s) for any rides based on measured time and mileage originating in the City of Atlanta from August 24, 2012 until present.

### 11.

The maintenance of this lawsuit as a class action is authorized by O.C.G.A. 9-11-23 b (1) (B), b (2) and b (3). Many of the legal issues to be decided will be dispositive of the interests of the Class and Subclasses and substantially impair their ability to protect their interests. Plaintiffs seek injunctive and declaratory relief; disgorgement of all fares charged by UBER and its drivers for fares originating in the City of Atlanta and charged based on measured mileage, distance and time; other damages against Uber including loss in value and rental values of CPNCs as allowed by law; and, attorneys' fees and expenses.

### 12.

Each of the named Plaintiffs is a CPNC owner and/or renter.  All have (a) lost fares or income as the result of Uber and it drivers; (b) suffered diminution of the value of their CPNCs; and/or, (c) suffered lost rental values of their CPNCs. Their claims are typical of the claims of all Class members and the respective Subclass members.

---

[1] Specifically excluded from any of the Classes are all judges, clerks, assistants and other court personnel who have any involvement with the handling of this matter and any government entities.

13.

According to public records, the City of Atlanta has issued approximately 1600 CPNCs. There are over 2500 licensed taxicab drivers and renters of CPNCs. The Class and subclasses are so numerous that joinder of all members is impracticable. The Defendant Class is believed to include over 1100 members. The Defendant Class can easily be identified and located through Uber's records. Uber has provided legal counsel to several of the named representatives of the Defendant Class when charged with violations of the City of Atlanta regulations for taxicabs.

14.

The named Plaintiffs understand the responsibilities and duties required of them as class representatives. They do not possess any conflict of interest with other class members or claims which are antagonistic to other class members. They will vigorously prosecute this action against Uber and the Defendant Class. Plaintiffs' attorneys are experienced, well qualified, respected members of the legal community. They have the resources to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the Class and Subclasses.

15.

There are numerous questions of law or fact common to the Class and/or subclasses, which include:

a.  Whether there have been a loss in value of the CPNCs as the result of Uber's tortious conduct;

b.  Whether Uber and the Defendant Class have charged fares based on measured time, distance and mileage *retrospectively* that originated in the City of Atlanta and the total amount and/or profits of such fares;

c.  Whether Uber and the Defendant Class have operated as limousines, limousine carriers or taxicabs in the City of Atlanta;

d.  The conduct, plans, policies, common schemes and actions of UBER and its drivers in charging and collecting fares in any manner it chooses without regard to the Rules and Regulations of the City of Atlanta;

e.  The conduct, plans, policies, common schemes and actions of UBER and the Defendant Class in their failure to comply with all safety policies and regulations of the City of Atlanta;

f.  The total amount of all charges and/or profits for fares originating in the City of Atlanta and the proper methods of allocation and reimbursement to the Class and the respective subclasses;

g.  The liability of Uber and/or the Defendant Class;

h.  Whether the Plaintiffs and the Class and/or subclasses are entitled to declaratory relief;

i.  Whether a permanent injunction should be entered to prevent UBER from continuing its wrongful conduct;

j.  Damages, types of damages and amount of damages are common to the class. For example it is anticipated that the amount of damages for diminution in values and rental value of the CPNC's may be the same amount for each class or subclass member and/or can be determined by the same analysis for each; and,

k.  The total amount of fares taken by Uber and the Defendant Class and the amount to be disgorged is common to all Subclass 2 members.

16.

The issues set forth in the paragraph above predominate over any questions affecting only individual members of the Class and/or subclasses. A class action is superior to any other method for the fair and efficient adjudication of this controversy.

17.

The monetary amounts of the individual charges collected by Uber and the Defendant Class are relatively small, making it unlikely or financially impossible for the Class and/or subclass members to proceed individually. Members of the Class and/or subclasses have little or no interest in controlling the prosecution of separate actions.

18.

Plaintiffs and Plaintiffs' counsel are not aware of any litigation relating to this specific controversy which has been commenced by any members of the class. It is desirable to concentrate this action in one forum so that any adjudication made will be consistent and UBER and its drivers will not be in a position of complying with incompatible standards of conduct.

19.

Uber is in possession of necessary financial records of payments from credit cards. This action is extremely manageable and few difficulties are anticipated.

FACTS

20.

In Georgia, there are two primary categories of vehicles for hire: taxicabs and limousines. Both types of vehicles may be hired by individuals to pick up and carry passengers to their chosen destinations.

21.

Both the taxicab (Taximeter-Cabriolet, Hackney Carriage, etc.) and the limousine (Stage coach, livery carriage, etc.) have been regulated in various jurisdictions when both were still predominately horse drawn. One of the purposes of these regulations was to clearly define the separate roles and uses of each type of vehicle for hire.

22.

In Georgia, taxicabs are regulated by local jurisdictions, while limousines and limousine carriers are regulated by the Georgia Department of Public Safety and the State of Georgia.

23.

Pursuant to O.C.G.A.§ 40-1-151(5): "'Limousine carrier' means any person owning or operating a *prearranged* service regularly rendered to the public by furnishing transportation as a motor carrier for hire, not over fixed routes, by means of one or more **unmetered**: (A) Limousines; (B) Extended limousines; (C) Sedan; (D) Extended sedans; (E) Sport utility vehicles; (F) Extended sport utility vehicles; (G) Other vehicles with a capacity for seating and transporting no more than 15 persons for hire including the driver; or (H) Any combination of subparagraphs (A) through (G) of this paragraph on the basis of telephone contract or written contract. **A limousine carrier shall not use per capita rates or charges.**" (emphasis added).

24.

Uber's vehicles are **metered**. The smartphone apps work as a meter, measuring time and distance, and charging accordingly.  The Uber smartphone app simply functions as a

technologically advanced version of the taximeter. Uber's vehicles do NOT operate as limousines and are subject to Atlanta Taxi Ordinances Sec. 162-26 et seq.

25.

In the City of Atlanta, the regulations of taxicabs includes a limitation on the number of available licenses for taxicabs, called C.P.N.C.'s (Certificate of Public Necessity and Convenience) to 1600 licenses. These CPNCs may be resold by the holders at market prices. CNPCs have been sold by the City of Atlanta and private owners at variable market prices over the years.. The City of Atlanta provides heavy fines and jail sentences for persons who operate a taxicab in the city without a CPNC.

26.

Taxicab drivers who operate in the City of Atlanta primarily rent the use of a CPNC from a CPNC owner at a price of approximately $160.00 per week, which amounts to approximately $8,000.00 per year. In return for this price, drivers are guaranteed exclusive access to the Atlanta taxicab market and fares originating in the City of Atlanta.

27.

In order to comply with most local regulations, taxicabs must be conspicuously decorated with various decals, lights, radios, taximeter, and other equipment specified by the respective local jurisdiction and/or taxicab company. This results in taxicabs having a rather conspicuous, inelegant appearance both inside and outside the vehicle. Also, due to the lower fares charged by taxicabs, and the smaller profit margin, coupled with the enormous demands upon the vehicle in continuous city driving conditions, taxicab vehicles are usually not luxury models.

28.

O.C.G.A § 40-1-151(4) requires that no vehicle for hire may be operated as both a taxicab and a limousine. The same statute also provides that a limousine is unmetered.

29.

Virtually all taxicab drivers in the Atlanta metro area derive their entire income from either a portion of the fares collected, or the proceeds of the fares collected after expenses. If a driver collects fewer fares, the driver earns less money.

30.

In 2012, Uber announced service in the metropolitan area of Atlanta, Georgia. Uber's stated operational territory in the Atlanta area consists roughly of an area which circumscribes the City of Atlanta. This territory includes most or all of Fulton, Cobb, and DeKalb counties.

31.

Uber represents to the public on its website that it provides transportation for hire using a provided smart-phone app. Uber advertises its "services" with a very aggressive "viral" marketing campaign, which includes compensating any number of individuals to post "reviews" of its service on internet social media such as Facebook and Twitter. Said posts are allegedly falsely presented as though they were made by uncompensated individuals offering unbiased testimonials.

32.

Uber also "hires" drivers to provide the advertised service, where the driver provides his or her own vehicle. Uber outfits these drivers with a cell phone preprogrammed turnkey system that allows the drivers to provide metered service almost identical to a taxicab. The primary distinction is that taxicab meters are physically connected to the vehicle's speedometer, are certified and sealed by the appropriate regulatory body, and are routinely inspected by same. Uber's "meter" app is not approved by any regulatory agency, and runs entirely from Global Positioning Satellite (GPS) signals built into the Uber driver's smart phone. Both methods measure time and distance of the for-hire transportation.

33.

Trips can be arranged by passengers directly through Uber. At the conclusion of the trip, Uber collects the Tariff (fare) by billing the passenger's credit card based on data collected by the meter app. Uber pays the drivers their portion of earnings at routine intervals (upon information and belief drivers are paid weekly).

34.

Uber also entices limousine carrier drivers to operate their vehicles as metered taxicabs, in direct violation of statutory restrictions. Many of the Uber drivers (i.e. UberX drivers) do not

pose as limousine carriers and do not provide commercial insurance covering passengers for bodily injuries, thus avoiding expenses of a licensed, legal taxicab.

35.

Uber's advertising campaign also directly violates regulatory statutes to the extent that it poses as a limousine carrier, but does not comply with the statute requiring all advertisements to disclose the address and license number of the licensed carrier. In the fine print when convenient, Uber even disclaims being a limousine carrier making the ridiculous claim that it is merely a referral service.

36.

All licensed taxicab drivers in the metropolitan area of Atlanta Georgia are harmed by Uber's deceptive practices and unfair competition methods in the form of lost revenue. All "metered" trips measured by time and distance originating in the City of Atlanta conducted by Uber are exclusively the province of licensed taxicabs with a CPNC, and thus Uber has unlawfully appropriated this business and concomitant revenue to itself and its drivers.

37.

Uber "hires and fires" its drivers; directly collects all fares through customers' credit cards; pays the drivers out of the fares collected at a later date; advertises "metered" transportation; provides training; and otherwise controls the time, manner and means its drivers provide service to Uber's customers. Uber is the master/employer of its drivers including all members of the Defendant Class.

38.

Uber's management has been openly critical of any regulation in general.  Uber's CEO Travis Kalanick ("Kalanick") has stated publicly "I don't understand regulators ... They are incredibly sensitive to what is in the public view. But if you only follow the rules, they will never let you make the city a better place."  Uber attempts to spin any criticism as "anti-technology" and is willing to say whatever it needs to at any given moment to achieve Uber's economic goals.

## COUNT I

TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND CONSPIRACY

39.

Plaintiffs incorporate paragraphs 1 through 38 as if fully set forth herein.

40.

By operating a *de facto* taxicab business in the Atlanta area in violation of state and municipal regulations, Defendants have purposefully, improperly, and without privilege, induced third parties not to enter into or continue business relationships with Plaintiffs. By avoiding the costs associated with legitimate licensed taxicabs including but not limited to owning and/or renting a CPNC issued and sold by the City of Atlanta, proper insurance, safety regulations and regulated fares, Defendants offer lower fares. Defendants conspired with one another and acted in concert to harm Plaintiffs, the Plaintiff Class and Subclasses. These tortious activities are continuing.

41.

The wrongful operation of Defendants' business contrary to state and municipal regulations (which Defendants Uber cause government officials not to enforce) has caused Plaintiffs financial injury. All owners of CNPCs and members of Subclass 1 as defined in paragraph 9a above have suffered damages in that their CPNCs have lost substantial value and marketability. All members of Subclass 2 as defined in paragraph 9b above have suffered damages in that the rental value of their CPNC has been diminished due to the dilution of the Atlanta market by improperly increasing the amount of vehicles available to the public. All members of the Plaintiff Class have suffered lost revenues, business income and damages due to the tortious conduct of the Defendants and Defendant Class to prevent potential taxicab passengers and customers from using their services.

42.

Very few members of Plaintiff Subclass 2 own a CPNC. Instead, they pay weekly or monthly rent pursuant to agreements with members of Plaintiff Subclass 1. The Defendants UBER TECHNOLOGIES, INC., UBER TECHNOLOGIES (GA), INC. and RASIER LLC.,

(referred to as "Uber Defendants" or "Uber") have tortuously interfered with these business relationships for the use of CPNCs and conspired with one another to implement the schemes.

43.

The Uber Defendants herein, by improper action and wrongful conduct, without privilege, conspired with each other to create a plan, scheme and design whereby they would hire and use drivers without CPNCs as required for trips originating in the City of Atlanta or without complying with any of the regulations and laws pertaining to taxicabs or taxicab companies.

44.

The Uber Defendants' actions were purposeful and done with malice and with the intent to injure the Plaintiffs by actively interfering with the CPNCs by illegally increasing the number of vehicles for hire in the City of Atlanta.

45.

The purposeful action taken by the Uber Defendants was with malice and with the intent to take clients away from Plaintiffs and the Plaintiff Class with the intent to injure them financially.

46.

The Defendants by their tortious actions described herein damaged the rental value of the CPNCs by diluting the market with an increase of vehicles for hire in the City of Atlanta by almost double the permitted amount.

47.

The unauthorized interference by the Uber Defendants and Defendant Class is intentional interference with business relationships that Plaintiffs have with their existing CPNC owners or renters and the City of Atlanta and due to their conduct, proximately cause damage to the Plaintiffs in an amount to be proven at trial.

## COUNT II
### PUNITIVE DAMAGES

48.

Plaintiffs incorporate paragraphs 1 through 47 above as if fully set forth herein.

49.

Defendants have evidenced an entire want of care and a conscious disregard for the rights of the Plaintiffs entitling the Plaintiffs to punitive damages due to Defendants' outrageous conduct in an effort to intentionally take business from Plaintiffs and Plaintiff class and to decrease the value of assets of the Plaintiffs.  Defendants' actions further evidence a conscious disregard for the rights of the Plaintiffs and Plaintiff Class entitling the Plaintiffs to punitive damages.  The amount of punitive damages shall be determined by the impartial conscience of a fair-minded jury.

## COUNT III
## UNJUST ENRICHMENT

50.

Plaintiffs incorporate paragraphs 1 through 49 above as if fully set forth herein.

51.

No legal contract exists between Plaintiffs or the Plaintiff Class and Uber and/or the Defendant Class which allows Defendants to collect fares for trips originating in the City of Atlanta based on measured time and mileage and retain the same. Further, there are no contracts between any of the members of Plaintiff Class and the Defendants to use any CPNCs.

52.

Plaintiffs have conferred benefits on Defendants which benefits Defendants have retained.

53.

As a result, Uber and the Defendant Class have been unjustly enriched by their conduct in the total amount of all fares received for trips originating in the City of Atlanta which are based on measured time and distance.

54.

Defendants, as a matter of equity, should be required to return the benefit bestowed upon them by Plaintiffs and the Plaintiff Class and Subclasses.

## COUNT IV
## BAD FAITH

55.

Plaintiffs incorporate paragraphs 1 through 54 as if fully set forth herein.

56.

Defendants' conduct has been in bad faith and has caused Plaintiffs unnecessary trouble and expense entitling Plaintiffs to damages including but not limited to attorney fees and expenses pursuant to O.C.G.A. § 13-6-11.

## COUNT V
## INJUNCTIVE RELIEF

57.

Plaintiffs incorporate paragraphs 1 through 56 above as if fully set forth herein.

58.

Plaintiffs have been and will continue to be irreparably harmed as a result of Uber's and the Defendant Class's actions unless they are enjoined from continuing such actions.

59.

Consequently, this Court should enter an injunction prohibiting Uber and the Defendant Class from continuing to receive fares on trips originating in the City of Atlanta which are based on measured time and distance and from retaining monies received as a result of those fares. A proper method to police Uber should be established and monitored by the Court to prevent future harm.

60.

Based on Defendants' bad faith, Plaintiffs are entitled to recover all attorneys' fees and expenses of litigation obtaining the relief requested in this Count of the Complaint.

## COUNT VI

## DECLARATORY RELIEF

### 61.

Plaintiffs incorporate paragraphs 1 through 60 above as if fully set forth herein.

### 63.

Plaintiffs are entitled to a declaratory judgment declaring that Uber and/or the Defendant Class is not entitled to collect any fares from passengers that originate in the City of Atlanta which are based on measured time and distance. Without such declaratory relief, Plaintiffs and the Plaintiff Class Members will continue to be harmed due to the uncertainty of the methods used by Uber and the Defendant Class to charge for trips originating in the City of Atlanta.

### 64.

Based on Uber's and the Defendant Class's bad faith, Plaintiffs are entitled to recover their attorneys' fees and expenses of litigation obtaining the relief requested in this Count of the Complaint.

WHEREFORE, Plaintiffs pray as follows:

1) That Summons be issued and Defendants be served with a copy of this Complaint as provided by law;

2) That Plaintiffs have a trial by jury;

3) That Plaintiffs recover under Count I of the Complaint;

4) That Plaintiffs recover under Count II of the Complaint;

5) That Plaintiffs recover under Count III of their Complaint;

6) That Plaintiffs recover under Count IV of their Complaint;

7) That an Order be entered regarding Count V of the Complaint in favor of Plaintiffs:

8) That an Order be entered regarding Count VI of the Complaint in favor of Plaintiffs:

9) For such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

William A. Pannell
Georgia Bar No. 561025

WILLIAM A. PANNELL, P.C.
433 Chateau Drive, NW
Atlanta, Georgia 30305
TEL (404) 353-2283
FAX (404)237-2384


Keith E. Fryer
Georgia Bar No. 279037
FRYER, SHUSTER & LESTER, PC
1050 Crown Pointe Parkway, Suite 410
Atlanta, GA 30338-7701
TEL (770) 668-9300
FAX (770) 668-9465
Of Counsel

## **VERIFICATION**

STATE OF GEORGIA

COUNTY OF FULTON

PERSONALLY APPEARED before me, the undersigned Notary Public duly authorized to administer oaths in the State and county aforesaid, SCOTT MCCANDLISS, who, after being first duly sworn, deposes and says that she has read the within and foregoing COMPLAINT, knows the contents thereof, and that the statements contained herein are true and correct.

_____
SCOTT MCCANDLISS

Sworn to and subscribed before me,
this _2nd_ day of _September_, 2014.

_____
Notary Public
My commission expires:

_8/23/16_

BRITTANY KEESE
NOTARY
EXPIRES
GEORGIA
AUG 23, 2016
PUBLIC
COBB COUNTY

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SCOTT MCCANDLISS, DMIDRIY ABRAMYAN, ABDIKADIR AHMED, AHMED KATUN AHMED, AHMED HASSAN, BEN STEWART ROUNTREE, FAHEEM IQBAL QURESHI, ANTHONY D. LOGAN, MOHAMED ABDULLE, HAMOUD S. ALDAHBALI, JAMAL ABDI, ABDILAHI AWALE, MOHAMED A. HUSSEIN and all others similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., UBER TECHNOLOGIES (GA), INC., RASIER, LLC <br>   and <br> KEITH RADFORD, AHMED SIMJEE, JOSHUA GANTT, LESLIE GILMARTIN, BRIAN GIQUEL, CHRISTOPHER BOSAK, CHRISTOPHER JOHNSON, KEVIN BUTTIMER, DANIEL ANDERSON, JOHN STETTNER, RACHEL PIETROCOLA, JOSH VARCOE, FABIAN FERNANDEZ, AMINUR CHOUDHURY, SEID SHEK, ABEBE TESFAYE, SAMUEL WORKU, JEAN RICHARD PIERRE, ALEXANDER AGBAERE, AYODELE OKPODU, BELAY DAGNEW, individually and all others similarly situated, <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action File No. 2014CV251025 <br><br> ) CLASS ACTION |

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UBER TECHNOLOGIES, INC.

COMES NOW Plaintiff and serves their First Interrogatories and Requests for Production of Documents to Defendant UBER TECHNOLOGIES, INC as follows:

## DEFINITIONS

As used in the Interrogatories herein, the terms listed below are defined as follows:

(1)     "Document" and "documents" mean every writing or record of every type and description that is or has been in your possession, custody, or control, or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, microtype, microfiche, magnetic tapes, bulletins, brochure, agenda, schedules, summaries, telegrams, telexes, catalogs, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions.  "Document" and "documents" also refer to any other data compilations or other means of storing information or data for recall from which information can be recalled and obtained, and translated, if necessary by you through computers or detection devices into a reasonably usable form.

(2)     "Person" and "persons" mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

(3)     "Defendant" and "defendants" in addition to referring to named Defendant UBER TECHNOLOGIES, INC. also refers to all agents, servants, representatives, private investigators, and others who are in a position to or may have obtained information for or on behalf of the defendant. "Defendant" and "defendants" are synonymous with the terms "you" and "your."

## INTERROGATORIES

1.

Identify each person by name, telephone number, address and place(s) of employment including all persons named as a Defendant to this lawsuit who has any information regarding the allegations and defenses raised by this lawsuit and provide a brief description of each person's knowledge.

2.

Identify all lawsuits, legal actions or other controversies regarding violation of any rules, regulations or other laws regarding taxicabs or limousines where you or one of your subsidiaries have been a defendant or involved in any way.

3.

Identify by name, telephone number, address and place(s) of employment all expert witnesses whom you expect to call to testify in this action including any class certification issues and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and the grounds for each opinion.

4.

Identify by name, telephone number, address and place(s) of employment each and every person Uber has used as a driver in the City of Atlanta including any company affiliated with the driver and list all trips by date, time of day, amount charged, origin point and destination each driver has made originating in the City limits of Atlanta or Hartsfield-Jackson airports and describe how the fare was calculated.

5.

Identify all documents, applications, filings, certifications, permits, reports that you, any named defendant or drivers (or anyone acting on your behalf) have submitted to the City of Atlanta, the State of Georgia or any other governmental or regulatory entity relating to the operation of UBER.

6.

Please describe the nature of your business and the relationship you have with UBER TECHNOLOGIES (GA), INC. or RASIER,LLC including ownership, management or operations performed by you for UBER TECHNOLOGIES (GA), INC. or RASIER, LLC or for you by them. Please identify all of your officers, directors and/or employees who also have any position of any kind with UBER TECHNOLOGIES (GA), INC. or RASIER, LLC.

7.

Please describe all insurance or insurance policies which cover all persons and their vehicles identified in response to Interrogatory 4 and identify all documents regarding same.


**REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Any and all documents furnished to, reviewed by, relied upon, or considered by any person whom you expect to call as an expert witness or to render opinion testimony in this case.

2.

Any and all documents and reports of any kind generated by or received by you or your representatives from any person whom you expect to call as an expert witness or to render opinion testimony in this case.

3.

All documents regarding communications between you (or anyone acting on your behalf) and the Mayor of Atlanta, the City of Atlanta or any other governmental or regulatory entity in connection with the operation of Uber in Atlanta, Georgia.

4.

All documents that refer, relate to, or support your answers to the foregoing First Interrogatories.

5.

All written or recorded statements, tape recordings, transcripts, and other documents that you or anyone acting on your behalf has obtained from any person regarding the allegations in the Complaint or defenses in your Answer.

6.

Any and all documents identified in your responses to the foregoing First Interrogatories.

WILLIAM A. PANNELL, P.C.

By: _____
William A. Pannell
Georgia Bar No. 561025

433 Chateau Drive, NW
Atlanta, GA 30305
(404) 353-2283

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

SCOTT MCCANDLISS,                              )
DMIDRIY ABRAMYAN, ABDIKADIR                    )
AHMED, AHMED KATUN AHMED, AHMED                )
HASSAN, BEN STEWART ROUNTREE,                  )
FAHEEM IQBAL QURESHI, ANTHONY                  )
D. LOGAN, MOHAMED ABDULLE,                     )
HAMOUD S. ALDAHBALI, JAMAL ABDI,               )
ABDILAHI AWALE, MOHAMED A. HUSSEIN             )
and all others similarly situated              )
                                               ) Civil Action File No.
        Plaintiffs,                            )
                                               )  CLASS ACTION
v.                                             )
                                               )
UBER TECHNOLOGIES, INC.,                       )
UBER TECHNOLOGIES (GA), INC.,                  )
RASIER, LLC                                    )
   and                                         )
KEITH RADFORD, AHMED SIMJEE,                   )
JOSHUA GANTT, LESLIE GILMARTIN,                )
BRIAN GIQUEL, CHRISTOPHER BOSAK,               )
CHRISTOPHER JOHNSON, KEVIN                     )
BUTTIMER, DANIEL ANDERSON, JOHN                )
STETTNER, RACHEL PIETROCOLA,                   )
JOSH VARCOE, FABIAN FERNANDEZ,                 )
AMINUR CHOUDHURY, SEID SHEK,                   )
ABEBE TESFAYE, SAMUEL WORKU,                   )
JEAN RICHARD PIERRE, ALEXANDER                 )
AGBAERE, AYODELE OKPODU,                       )
BELAY DAGNEW, individually and                 )
all others similarly situated,                 )
                                               )
        Defendants.                            )

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RASIER, LLC

COMES NOW Plaintiff and serves their First Interrogatories and Requests for Production of Documents to Defendant RASIER, LLC as follows:

### DEFINITIONS

As used in the Interrogatories herein, the terms listed below are defined as follows:

(1)   "Document" and "documents" mean every writing or record of every type and description that is or has been in your possession, custody, or control, or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, microtype, microfiche, magnetic tapes, bulletins, brochure, agenda, schedules, summaries, telegrams, telexes, catalogs, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" and "documents" also refer to any other data compilations or other means of storing information or data for recall from which information can be recalled and obtained, and translated, if necessary by you through computers or detection devices into a reasonably usable form.

(2)   "Person" and "persons" mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

(3)   "Defendant" and "defendants" in addition to referring to named Defendant UBER TECHNOLOGIES (GA), INC. also refers to all agents, servants, representatives, private investigators, and others who are in a position to or may have obtained information for or on behalf of the defendant. "Defendant" and "defendants" are synonymous with the terms "you" and "your.

## INTERROGATORIES

### 1.

Identify each person by name, telephone number, address and place(s) of employment including all persons named as a Defendant to this lawsuit who has any information regarding the allegations and defenses raised by this lawsuit and provide a brief description of each person's knowledge.

### 2.

Identify all lawsuits, legal actions or other controversies regarding violation of any rules, regulations or other laws regarding taxicabs or limousines where you or one of your subsidiaries have been a defendant or involved in any way.

### 3.

Identify by name, telephone number, address and place(s) of employment all expert witnesses whom you expect to call to testify in this action including any class certification issues and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and the grounds for each opinion.

### 4.

Identify by name, telephone number, address and place(s) of employment each and every person Uber has used as a driver in the City of Atlanta including any company affiliated with the driver and list all trips by date, time of day, amount charged, origin point and destination each driver has made originating in the City limits of Atlanta or Hartsfield-Jackson airports and describe how the fare was calculated.

5.

Identify all documents, applications, filings, certifications, permits, reports that you, any named defendant or UBER drivers (or anyone acting on your behalf) has submitted to the City of Atlanta, the State of Georgia or any other governmental or regulatory entity relating to the operation of UBER or its drivers and their vehicles.

6.

Please describe the nature of your business and the relationship you have with UBER TECHNOLOGIES, INC. and/or UBER TECHNOLOGIES (GA), INC. including ownership, management or operations performed by you for UBER TECHNOLOGIES, INC. or UBER TECHNOLOGIES (GA), INC. or for you by them. Please identify all of your officers, directors and/or employees who also have any position of any kind with UBER TECHNOLOGIES, INC. or  UBER TECHNOLOGIES (GA), INC.

7.

Please describe all insurance or insurance policies which cover all persons and their vehicles identified in response to Interrogatory 4 and identify all documents regarding same.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all documents furnished to, reviewed by, relied upon, or considered by any person whom you expect to call as an expert witness or to render opinion testimony in this case.

2.

Any and all documents and reports of any kind generated by or received by you or your representatives from any person whom you expect to call as an expert witness or to render opinion testimony in this case.

3.

All documents regarding communications between you (or anyone acting on your behalf) and the Mayor of Atlanta, the City of Atlanta or any other governmental or regulatory entity in connection with the operation of Uber in Atlanta, Georgia.

4.

All documents that refer, relate to, or support your answers to the foregoing First Interrogatories.

5.

All written or recorded statements, tape recordings, transcripts, and other documents that you or anyone acting on your behalf has obtained from any person regarding the allegations in the Complaint or defenses in your Answer.

6.

Any and all documents identified in your responses to the foregoing First Interrogatories.

WILLIAM A. PANNELL, P.C.

By

William A. Pannell
Georgia Bar No. 561025

433 Chateau Drive, NW
Atlanta, GA 30305
(404) 353-2283

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SCOTT MCCANDLISS,<br>DMIDRIY ABRAMYAN, ABDIKADIR<br>AHMED, AHMED KATUN AHMED, AHMED<br>HASSAN, BEN STEWART ROUNTREE,<br>FAHEEM IQBAL QURESHI, ANTHONY<br>D. LOGAN, MOHAMED ABDULLE,<br>HAMOUD S. ALDAHBALI, JAMAL ABDI,<br>ABDILAHI AWALE, MOHAMED A. HUSSEIN<br>and all others similarly situated<br><br>    Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>UBER TECHNOLOGIES (GA), INC.,<br>RASIER, LLC<br>  and<br>KEITH RADFORD, AHMED SIMJEE,<br>JOSHUA GANTT, LESLIE GILMARTIN,<br>BRIAN GIQUEL, CHRISTOPHER BOSAK,<br>CHRISTOPHER JOHNSON, KEVIN<br>BUTTIMER, DANIEL ANDERSON, JOHN<br>STETTNER, RACHEL PIETROCOLA,<br>JOSH VARCOE, FABIAN FERNANDEZ,<br>AMINUR CHOUDHURY, SEID SHEK,<br>ABEBE TESFAYE, SAMUEL WORKU,<br>JEAN RICHARD PIERRE, ALEXANDER<br>AGBAERE, AYODELE OKPODU,<br>BELAY DAGNEW, individually and<br>all others similarly situated,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action File No.  2014 CV 251025<br><br>CLASS ACTION |

**PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT UBER TECHNOLOGIES (GA), INC.**

Atlanta, the State of Georgia or any other governmental or regulatory entity relating to the operation of UBER or its drivers and their vehicles.

6.

Please describe the nature of your business and the relationship you have with UBER TECHNOLOGIES, INC. and or RASIER, LLC including ownership, management or operations performed by you for UBER TECHNOLOGIES, INC. or RASIER, LLC. or for you by them. Please identify all of your officers, directors and/or employees who also have any position of any kind with UBER TECHNOLOGIES, INC. or RASIER, LLC.

7.

Please describe all insurance or insurance policies which cover all persons and their vehicles identified in response to Interrogatory 4 and identify all documents regarding same.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Any and all documents furnished to, reviewed by, relied upon, or considered by any person whom you expect to call as an expert witness or to render opinion testimony in this case.

2.

Any and all documents and reports of any kind generated by or received by you or your representatives from any person whom you expect to call as an expert witness or to render opinion testimony in this case.

3.

All documents regarding communications between you (or anyone acting on your behalf) and the Mayor of Atlanta, the City of Atlanta or any other governmental or regulatory entity in connection with the operation of Uber in Atlanta, Georgia.

4.

All documents that refer, relate to, or support your answers to the foregoing First Interrogatories.

5.

All written or recorded statements, tape recordings, transcripts, and other documents that you or anyone acting on your behalf has obtained from any person regarding the allegations in the Complaint or defenses in your Answer.

6.

Any and all documents identified in your responses to the foregoing First Interrogatories.

WILLIAM A. PANNELL, P.C.

By: _____
William A. Pannell
Georgia Bar No. 561025

433 Chateau Drive, NW
Atlanta, GA 30305
(404) 353-2283

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

SCOTT MCCANDLISS,                           )
DMIDRIY ABRAMYAN, ABDIKADIR                 )
AHMED, AHMED KATUN AHMED, AHMED             )
HASSAN, BEN STEWART ROUNTREE,               )
FAHEEM IQBAL QURESHI, ANTHONY               )
D. LOGAN, MOHAMED ABDULLE,                  )
HAMOUD S. ALDAHBALI, JAMAL ABDI,            )
ABDILAHI AWALE, MOHAMED A. HUSSEIN          )
and all others similarly situated           )
                                            )  Civil Action File No.  2014 CV 251052
        Plaintiffs,                          )
                                            )  CLASS ACTION
v.                                          )
                                            )
UBER TECHNOLOGIES, INC.,                    )
UBER TECHNOLOGIES (GA), INC.,               )
RASIER, LLC                                 )
    and                                      )
KEITH RADFORD, AHMED SIMJEE,                )
JOSHUA GANTT, LESLIE GILMARTIN,             )
BRIAN GIQUEL, CHRISTOPHER BOSAK,            )
CHRISTOPHER JOHNSON, KEVIN                  )
BUTTIMER, DANIEL ANDERSON, JOHN             )
STETTNER, RACHEL PIETROCOLA,                )
JOSH VARCOE, FABIAN FERNANDEZ,              )
AMINUR CHOUDHURY, SEID SHEK,                )
ABEBE TESFAYE, SAMUEL WORKU,                )
JEAN RICHARD PIERRE, ALEXANDER              )
AGBAERE, AYODELE OKPODU,                    )
BELAY DAGNEW, individually and             )
all others similarly situated,              )
                                            )
        Defendants.                          )

**PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANTS KEITH RADFORD, AHMED SIMJEE, JOSHUA
GANTT, LESLIE GILMARTIN, BRIAN GIQUEL, CHRISTOPHER BOSAK,
CHRISTOPHER JOHNSON, KEVIN BUTTIMER, DANIEL ANDERSON, JOHN
STETTNER, RACHEL PIETROCOLA, JOSH VARCOE, FABIAN FERNANDEZ
AMINUR CHOUDHURY, SEID SHEK, ABEBE TESFAYE, SAMUEL WORKU, JEAN**

**RICHARD PIERRE, ALEXANDER AGBAERE, AYODELE OKPODU, SAMI MAGESHA and BELAY DAGNEW**

COMES NOW Plaintiff and serves their First Interrogatories and Requests for Production of Documents to EACH of the 22 INDIVIDUALS NAMED AS A DEFENDANT AND REPRESENTATIVE OF THE DEFENDANT CLASS as follows:

## DEFINITIONS

As used in the Interrogatories herein, the terms listed below are defined as follows:

(1)    "Document" and "documents" mean every writing or record of every type and description that is or has been in your possession, custody, or control, or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, microtype, microfiche, magnetic tapes, bulletins, brochure, agenda, schedules, summaries, telegrams, telexes, catalogs, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions.  "Document" and "documents" also refer to any other data compilations or other means of storing information or data for recall from which information can be recalled and obtained, and translated, if necessary by you through computers or detection devices into a reasonably usable form.

(2)    "Person" and "persons" mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

(3)     "Defendant" and "defendants" in addition to referring to YOU INDIVIDUALLY also refers to all agents, servants, representatives, private investigators, and others who are in a position to or may have obtained information for or on behalf of the defendant. "Defendant" and "defendants" are synonymous with the terms "you" and "your".

## INTERROGATORIES

1.

State your full name, date of birth, social security number and home and business addresses (if applicable) including places of employment since January 1, 2010, including the dates you resided or worked at each location.

2.

Identify each person by name, telephone number, address and place(s) of employment who has any information regarding the allegations and defenses raised by this lawsuit and provide a brief description of each person's knowledge.

3.

Identify all lawsuits or legal actions where you have been a defendant or involved in any way and briefly describe the nature of the lawsuit or legal action.

4.

Identify by name, telephone number, address and place(s) of employment all expert witnesses whom you expect to call to testify in of this action including any class certification issues and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and the grounds for each opinion.

5.

List all trips by date, time of day, amount charged, origin point and destination you have made while driving for Uber or its affiliated companies originating in the city limits of Atlanta or Hartsfield-Jackson airports and describe how the fare was calculated.

5.

Identify all documents, applications, filings, certifications, permits, reports that you (or anyone acting on your behalf) has submitted to the City of Atlanta, the State of Georgia or any other governmental or regulatory entity relating to the operation of a vehicle for hire for UBER, its affiliated companies or any other taxicab or limousine service in Georgia.

6.

Please describe the nature of your business and the relationship you have with UBER TECHNOLOGIES, INC., UBER TECHNOLOGIES (GA), INC. and/or RASIER, LLC and identify all documents you have exchanged or received with any of them.

7.

Please describe all insurance or insurance policies which cover or have covered you and or your vehicle and/or passengers while working for Uber and identify all documents regarding same.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all documents furnished to, reviewed by, relied upon, or considered by any person whom you expect to call as an expert witness or to render opinion testimony in this case.

2.

Any and all documents and reports of any kind generated by or received by you or your representatives from any person whom you expect to call as an expert witness or to render opinion testimony in this case.

3.

All documents regarding communications between you (or anyone acting on your behalf) and the Mayor of Atlanta, the City of Atlanta or any other governmental or regulatory entity in connection with the operation of Uber in Atlanta, Georgia or your vehicle as a vehicle for hire.

4.

All documents that refer, relate to, or support your answers to the foregoing First Interrogatories.

5.

All written or recorded statements, tape recordings, transcripts, and other documents that you or anyone acting on your behalf has obtained from any person regarding the allegations in the Complaint or defenses in your Answer.

6.

Any and all documents identified in your responses to the foregoing First Interrogatories.

7.

Copies of all background reports, credit checks or other documents received by you from UBER TECHNOLOGIES, INC., UBER TECHNOLOGIES (GA), INC. and/or RASIER, LLC prior to your becoming a driver with them.

8.

A copy of your driver's license(s) or any other special license you hold or have held by any government agency in the State of Georgia while driving for UBER TECHNOLOGIES, INC., UBER TECHNOLOGIES (GA), INC. and/or RASIER, LLC.

9.

All financial records regarding payments you have received from or made to UBER TECHNOLOGIES, INC., UBER TECHNOLOGIES (GA), INC. and/or RASIER, LLC .

WILLIAM A. PANNELL, P.C.

By

William A. Pannell
Georgia Bar No. 561025

433 Chateau Drive, NW
Atlanta, GA 30305
(404) 353-2283