UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Scott McCandliss, Dmidriy Abramyan, Abdikadir Ahmed, Ahmed Katun Ahmed, Ahmed Hassan, Ben Stewart Rountree, Faheem Iqbal Qureshi, Anthony D. Logan, Mohammed Abdulle, Hamoud S. Aldahbali, Jamal Abdi, Abdilahi Awale, and Mohamed A. Hussein,<br><br>   Plaintiffs,<br><br>  v.<br><br>Uber Technologies, Inc., Uber Technologies (GA), Inc., Rasier LLC, Keith Radford, Ahmed Simjee, Joshua Gantt, Leslie Gilmartin, Brian Giquel, Christopher Bosak, Christopher Johnson, Kevin Buttimer, Daniel Anderson, John Stettner, Rachel Pietrocola, Josh Varcoe, Fabian Fernandez, Aminur Choudhury, Seid Shek, Abebe Tesfaye, Samuel Worku, Jean Richard Pierre, Alexander Agbaere, Ayodele Okpodu, and Belay Dagnew,<br><br>   Defendants. | CIVIL ACTION NO. 1:14-CV-03275-WSD |

**KEITH RADFORD'S MOTION TO DISMISS WITH
<u>INCORPORATED MEMORANDUM OF LAW</u>**

US2008 6127518 1

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Keith Radford[1] moves the Court to dismiss Plaintiffs' Complaint with prejudice. In support of this Motion, Mr. Radford respectfully shows the Court as follows:

## INTRODUCTION

This lawsuit is a challenge to the legality of Uber, a technology platform that connects users with safe, reliable transportation through a smartphone application. Plaintiffs, a group of allegedly aggrieved taxicab operators as well as owners of Certificates of Public Necessity and Convenience ("CPNC") licenses, have brought suit against not just Uber Technologies, Inc. ("Uber") but also against a scattered group of individuals that Plaintiffs allege includes both managers of Uber, such as Mr. Radford, and drivers who use the Uber software application in Atlanta.

The Court should dismiss Mr. Radford. The Corporate Defendants[2] have filed a separate motion to dismiss that sets forth numerous grounds for dismissal, all of which are applicable to Mr. Radford. In addition, the Court should dismiss the Complaint because it is an impermissible shotgun pleading and because it seeks

---

[1] Although the arguments in this motion are functionally identical to those made by the Driver Defendants in their motion to dismiss, Mr. Radford is not a driver (he is Uber's General Manager in Atlanta) and, unlike Plaintiffs did in the Complaint, Defendants will not inappropriately lump Mr. Radford together with drivers.

[2] The term the "Corporate Defendants" used herein refers to Defendants Uber Technologies, Inc., Uber Technologies (GA), Inc., and Rasier LLC.

to impose reverse vicarious liability on Mr. Radford, an Uber employee, for the supposed wrongdoing of the corporate entities.

## ARGUMENT AND CITATION TO AUTHORITY

I. **Plaintiffs' Claims Against Mr. Radford Fail as a Matter of Law for the Reasons Outlined in the Corporate Defendants' Motion.**

The Corporate Defendants' motion to dismiss and memorandum of law in support thereof (the "Corporate Defendants' Motion") identifies and explains in detail fundamental pleading failures in the Complaint that bar recovery, as a matter of law, on every claim asserted as to each Defendant, including Mr. Radford. Specifically, the Corporate Defendants' Motion provides argument and citation to authority regarding:

(1) The failure to plead sufficient facts to show any third-party relationships relationship with which any Defendant tortiously interfered.  *Meadow Springs, LLC v. IH Riverdale, LLC*, 323 Ga. App. 478, 480, 747 S.E.2d 47, 50 (2013) (holding that a tortious interference claim requires a third party who was induced to terminate or not initiate a business relationship).

(2) The failure to plead malice or the intent to injure, an essential element of a tortious interference claim.[3] *Spivey v. Rogers*, 173 Ga. App. 233, 239, 326 S.E.2d 227, 233 (1984).

(3) The failure to plead *facts* to show any improper or wrongful conduct (as opposed to bare legal conclusions not entitled to a presumption of truth). *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

(4) The failure of Plaintiffs' conspiracy claim both because it relies on the same insufficient allegations as the tortious interference claim and because it alleges a purely intra-corporate conspiracy, which cannot support such a claim. *Catlett v. Wyeth, Inc.*, 379 F. Supp. 2d 1374, 1382 (M.D. Ga. 2004).

(5) The unavailability of punitive damages because that claim is purely derivative of Plaintiffs' insufficiently-pled tortious interference claim. *Boeing Co. v. Blane Int'l Grp.*, 276 Ga. App. 672, 676, 624 S.E.2d 227, 231 (2005).

---

[3] The failure to plead is particularly acute with respect to Mr. Radford. The Complaint only alleges malice in a conclusory unsupported fashion and ***it makes that allegation only as to the Corporate Defendants, not Mr. Radford.*** Compl. ¶ 45 ("The purposeful action taken by the Uber Defendants was with malice . . ."). That pleading failure is an independent basis to dismiss the tortious interference claim against Mr. Radford.

(6) The impropriety of seeking to recover under a theory of unjust enrichment, which is a species of contract claim. *Tidikis v. Network for Med. Commc'ns & Research LLC*, 274 Ga. App. 807, 811, 619 S.E.2d 481, 485 (2005).

(7) The failure of Plaintiffs' bad faith claim because it relies on the same insufficient allegations as the tortious interference claim. *See Tyler v. Lincoln*, 272 Ga. 118, 121, 527 S.E.2d 180, 184 (2000).

(8) The unavailability of injunctive relief to recover for alleged harm that all has an adequate remedy in law. *Diamond Power Int'l, Inc. v. Clyde Bergemann, Inc.*, 370 F. Supp. 2d 1339, 1349 (N.D. Ga. 2005).

(9) The unavailability of declaratory relief to recover for purely past harms, not any threatened future uncertainty. *Atlanta Nat. League Baseball Club, Inc. v. F.F.*, 328 Ga. App. 217, 220, 761 S.E.2d 613, 615 (2014).

The Complaint makes no attempt to delineate between claims of wrongdoing leveled against the Corporate Defendants, as opposed allegations of wrongdoing by – and causes of action against – Mr. Radford (or, for that matter, the other individually-named Defendants). Indeed, the Complaint alleges that the

Defendants include "Uber managers and drivers," Compl. Introduction; Mr. Radford is that manager (and the only Uber employee named in the Complaint).

Consequently, each of the arguments asserted in the Corporate Defendants' Motion applies equally to Mr. Radford, and Mr. Radford incorporates by reference the Corporate Defendants' Motion as if each argument and citation of authority was stated fully herein. For each of the reasons set forth in detail in the Corporate Defendants' Motion, the Court should dismiss the Complaint as to Mr. Radford in its entirety with prejudice.

II. **Plaintiffs' Claims Against Mr. Radford Fail as a Matter of Law for Two Grounds Independent of the Grounds Asserted in the Corporate Defendants' Motion to Dismiss.**

In addition to the grounds for dismissal set forth in the Corporate Defendants' Motion, there are two independent grounds to dismiss the Complaint as to Mr. Radford. First, the Complaint is an impermissible shotgun pleading. Second, Plaintiffs cannot, as a matter of law, seek to impose liability on Mr. Radford through "reverse vicarious liability" for the alleged tortious conduct of the Corporate Defendants.

   A. **Plaintiffs' Claims Against Mr. Radford Fail Because the Complaint is an Impermissible Shotgun Pleading**

The fact that Plaintiffs have lumped together alleged wrongdoing by the Corporate Defendants and Mr. Radford (as well as the other individually-named

Defendants) without recognizing the distinction between those parties and making specific allegations with respect to each is an independent ground for dismissal.[4]  It is well settled in the Eleventh Circuit that so-called "shotgun pleadings" are impermissible.  *E.g.*, *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008) (holding that "[t]he complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years . . . ." and collecting cases for the proposition that "since 1985 we have explicitly condemned shotgun pleadings upward of fifty times").

A shotgun pleading is one that fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading."  *Beckwith v. Bellsouth Telecomms, Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).  In a shotgun pleading "[i]t is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant."  *Id.* at 372; *see also Davis*, 516 F.3d at 980 (noting that a shotgun pleading fails to delineate causes of action advanced *by* any particular party or *against* any particular party).  A shotgun pleading may also be characterized by "an argument about the merits of [a] claim,

---

[4] Indeed, it is telling that the Complaint references a mixed group of alleged "Uber managers and drivers" without attempting to make any distinction between the conduct of those very distinct parties.  *See* Compl. Introduction.  Mr. Radford is the only Uber manager named in the Complaint, yet he is treated, for purposes of the allegations, identically to each of the other individual Defendants as well as the Corporate Defendants.

rather than a complaint for relief."  *Branham v. Astrue*, No. 7:08-CV-123(HL), 2009 WL 1025393, at *1 (M.D. Ga. Apr. 15, 2009).

The Eleventh Circuit has counseled that a "defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014).  Faced with that admonition, courts in this District and Circuit have held that the proper remedy for a shotgun pleading is dismissal with prejudice.  *See, e.g.*, *Calhoun v. Nationstar*, No. 1:13-CV-2581-TWT, 2013 WL 5493311, at *2 (N.D. Ga. Sept. 30, 2013) ("Moreover, that plaintiff has filed a shotgun, form complaint counsels dismissal with prejudice rather than a lesser sanction.").

The Complaint here is a textbook example of a shotgun pleading, particularly as to Mr. Radford.  Plaintiffs appear to have named Mr. Radford s a Defendant merely to exert leverage and litigation pressure on Mr. Radford and Uber.  Although the Complaint attempts to delineate between so-called "Uber Defendants," Compl. ¶ 42, and an imagined "Defendant Class," *id.* ¶ 10, it then moves – seemingly randomly – between groups and, in many instances, treats Defendants as a single actor.  *E.g.*, *id.* ¶¶ 40-41 & 43.  At the same time, the

Complaint makes no effort to delineate between Defendants who are individuals that offered transportation through the Uber application and Mr. Radford, an Uber employee.

It is difficult, if not impossible, to understand what wrongdoing is alleged against which Defendants.  Not a single cause of action is alleged specifically against Mr. Radford; instead, each mixes parties, and allegations, into a morass of incomprehensible allegations.  *See Beckwith*, 146 F. App'x at 372 (rejecting, as a shotgun pleading, a complaint that made it "virtually impossible to ascertain . . . which claim is directed at which defendant").

As indicative of a shotgun pleading, the Complaint fails to provide sufficient factual allegations regarding the conduct of Mr. Radford to allow Mr. Radford to form a cogent response.  Plaintiffs assume that Uber, the drivers who use the Uber app to accept requests for transportation services, and Uber's employees act as a singular unit but provide no factual allegations to support that supposition.  Naming Uber's Atlanta manager is quite simply a product of Plaintiffs' incoherent, shotgun approach to pleading.  The Court should dismiss the entire Complaint.

### B. Plaintiffs' Claims Against Mr. Radford Fail Because Plaintiffs Impermissibly Seek to Impose Reverse Vicarious Liability on Mr. Radford

The Court should also dismiss the Complaint as to Mr. Radford because it attempts to impermissibly assert liability on Mr. Radford through "reverse vicarious liability" for the alleged tortious conduct of the Corporate Defendants.

Plaintiffs acknowledge that the Defendants include "Uber managers" – *i.e.*, Mr. Radford.  Compl. Introduction.  It is well established in Georgia that when an agent or employee of a corporation acts within the scope of his agency or employment, his acts are considered acts of the corporation. *See Catlett v. Wyeth, Inc.*, 379 F. Supp. 2d 1374, 1382 (M.D. Ga. 2004) (explaining that because "employees of a corporation are considered part of the corporate entity," acts of employees are acts of the corporation.); *see also* O.C.G.A. § 51–2–2 (stating that principals are liable for torts committed by their agents that fall within the scope of the agency, whether the torts are committed negligently or voluntarily).  Thus, a principal "may be held vicariously liable for the negligent acts of its employees, contractors, or agents." *Leal v. Hobbs*, 245 Ga. App. 443, 444-45, 538 S.E.2d 89, 91 (2000).  However, "***the doctrine of vicarious liability does not make the agent liable for the acts of the principal***." *Id.* (emphasis added); *see also Verddier v. Neal Blun Co.*, 128 Ga. App. 321, 322-23, 196 S.E.2d 469, 470 (1973) ("[I]t is

Page **10** of **15**

generally recognized that an agent is not liable to third persons for the failure of the principal to discharge affirmative duties which the principal may owe.")  Instead, when employees act at the direction of their employers, "employees are not responsible for the tortious acts of their employers."  *Catlett*, 379 F. Supp. 2d at 1383.

For example, in *Catlett*, the court dismissed claims against individual agents of the defendant corporation where the agents were acting within the scope of their agency and at the direction of the defendant corporation.  *See id.* at 1382-83.  In *Catlett*, the plaintiffs asserted claims of negligence, fraud and conspiracy against Wyeth, Inc. and several of Wyeth, Inc.'s individual sales representatives, based upon the plaintiffs' alleged injuries resulting from a drug manufactured by Wyeth.  *Id.* at 1375-76.  The sales representatives had visited the plaintiffs' doctor's offices to make the doctors aware of the drug and to provide material and information on the drug to the doctors.  *Id.* at 1375-76.  In carrying out these duties, the sales representatives were acting at the direction of Wyeth, following a "script" given to them by Wyeth.  *Id.* at 1382.

The defendants removed the case to federal court arguing that the sales representatives were fraudulently joined and the plaintiffs filed a motion to remand.  *Id.* at 1376.  The court denied the motion to remand, finding that the sales

Page **11** of **15**

representatives were fraudulently joined, and dismissed the claims against the sales representatives.  *Id.* at 1383.  The court explained that "Georgia law would not hold the pharmaceutical sales representatives in this case (the 'agents') liable for any duty allegedly breached by Wyeth (the 'principal')."  *Id.* at 1381.

Similarly, in *Leal* the court found that the plaintiff's claim against an individual defendant failed as a matter of law because it sought to hold the individual defendant vicariously liable for the alleged tortious acts of his principal. 245 Ga. App. at  444-45, 538 S.E.2d at  91.  In *Leal*, the plaintiff sued a student intern, along with a hospital and several other defendants, who had rendered treatment to the plaintiff's decedent.  *Id.*  The intern moved for summary judgment arguing that he did not breach any duty to the decedent independent of the hospital's duty because "he was simply following the instructions of [his supervisor] and had no decision-making authority with respect to [the decedent's] care and treatment."  *Id.*, 245 Ga. App. at 445, 538 S.E.2d at 91-92.  The trial court denied summary judgment and the Court of Appeals of Georgia reversed, holding that the plaintiff's claim against the intern failed as a matter of law.  *Id.*  The court explained that "whether [the intern] was an employee, independent contractor, or agent of [the] [h]ospital is irrelevant to [the intern's] liability[,]" because "[u]nder

Georgia law, . . . the doctrine of vicarious liability does not make the agent liable for the acts of the principal." *Id.*, 245 Ga. App. at 444-45, 538 S.E.2d at 91.

Here, like in the cases provided above, Plaintiffs' claims against Mr. Radford – an Uber employee – fail as a matter of law because Plaintiffs cannot hold an employee (or any other agent) liable for the alleged tortious conduct of their employers (according to Plaintiffs' allegations, Uber). *See Catlett*, 379 F. Supp. 2d at 1382-83 ("Georgia courts do not recognize the reverse of th[e] [vicarious liability] principle; that is, ***employees are not responsible for the tortious acts of their employers.***") (emphasis added). The Complaint alleges that at all relevant times Mr. Radford was acting within the scope of his agency of Uber, at the direction of Uber, and within policies developed and implemented by Uber. *See*, *e.g.*, Compl. ¶¶ 32, 33, 37.[5] Consequently, according to Plaintiffs' allegations, the acts of Mr. Radford are the acts of Uber and there is no tortious conduct alleged against Mr. Radford that is independent of Uber. *See Catlett*, 379 F. Supp. 2d at 1382. There are no allegations in the Complaint asserting that Mr. Radford acted outside the scope of his employment or agency of Uber, acted

---

[5] These paragraphs are emblematic of the shotgun pleading problem where it is assumed, though by no means apparent, that the alleged conduct pertains to Mr. Radford.

Page **13** of **15**

without direction by Uber, or acted independently of Uber policies.  *See generally* Compl.

Thus, like the individual defendants in *Catlett* and *Leal*, according to the allegations in the Complaint, Mr. Radford was "simply following the instructions of [Uber] and had no decision-making authority with respect to [the Corporate Defendants' policies and conduct]."  *Leal*, 245 Ga. App. at 445, 538 S.E.2d at 91-92.  The tortious conduct asserted in the Complaint is alleged tortious conduct of the Corporate Defendants, allegedly accomplished through its alleged employees or agents, namely, Mr. Radford.  Plaintiffs, therefore, impermissibly seek to hold Mr. Radford vicariously liable for the conduct of the Corporate Defendants.  Because Georgia courts do not recognize such a "reverse" vicarious liability theory, the "[Mr. Radford is] not responsible for the [alleged] tortious acts of [the Corporate Defendants]" and all claims against Mr. radford must be dismissed.  *See Catlett*, 379 F. Supp. 2d at 1382-83.

## CONCLUSION

For the reasons provided herein, including those provided in the Corporate Defendants' Motion, Mr. Radford respectfully requests that the Court dismiss all claims asserted in Plaintiffs' Complaint against Mr. Radford with prejudice.

Respectfully submitted, this 10th day of November, 2014

By   /s/ Michael W. Tyler
    Michael W. Tyler

Michael W. Tyler (GA Bar No. 721152)
   mtyler@kilpatricktownsend.com
John P. Jett (GA Bar No. 827033)
   jjett@kilpatricktownsend.com
Ross D. Andre (GA Bar No. 280210)
   randre@kilpatricktownsend.com
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:   (404) 815-6555

Stephen A. Swedlow (*pro hac vice* pending)
   stephenswedlow@quinnemanuel.com
Amit B. Patel (*pro hac vice* pending)
   amitbpatel@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone:  (312) 705-7400
Facsimile:   (312) 705-7401

Arthur M. Roberts (*pro hac vice* pending)
   arthurroberts@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700

Counsel for Keith Radford

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: November 10, 2014.

/s/ Michael W. Tyler<br>
Michael W. Tyler

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2014, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to counsel for Plaintiffs:

>William A. Pannell
>WILLIAM A. PANNELL, P.C.
>433 Chateau Drive, NW
>Atlanta, GA 30305

I further certify that on November 10, 2014, I served a copy of the foregoing to counsel for Plaintiffs by depositing a copy in the U.S. Mail, first class postage prepaid, addressed as follows:

>Keith E. Fryer
>FRYER, SHUSTER & LESTER, PC
>1050 Crown Pointe Parkway, Suite 410
>Atlanta, GA 30338

/s/ Michael W. Tyler
Michael W. Tyler
