UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Scott McCandliss, Dmidriy Abramyan, Abdikadir Ahmed, Ahmed Katun Ahmed, Ahmed Hassan, Ben Stewart Rountree, Faheem Iqbal Qureshi, Anthony D. Logan, Mohammed Abdulle, Hamoud S. Aldahbali, Jamal Abdi, Abdilahi Awale, and Mohamed A. Hussein, <br><br>    Plaintiffs, <br><br>  v. <br><br> Uber Technologies, Inc., Uber Technologies (GA), Inc., Rasier LLC, Keith Radford, Ahmed Simjee, Joshua Gantt, Leslie Gilmartin, Brian Giquel, Christopher Bosak, Christopher Johnson, Kevin Buttimer, Daniel Anderson, John Stettner, Rachel Pietrocola, Josh Varcoe, Fabian Fernandez, Aminur Choudhury, Seid Shek, Abebe Tesfaye, Samuel Worku, Jean Richard Pierre, Alexander Agbaere, Ayodele Okpodu, and Belay Dagnew, <br><br>    Defendants. | CIVIL ACTION NO. 1:14-CV-03275-WSD |

**DEFENDANTS UBER TECHNOLOGIES, INC.
AND RASIER LLC'S RESPONSE TO
<u>PLAINTIFFS' MOTION TO CORRECT CIVIL DOCKET RECORD</u>**

Defendants Uber Technologies, Inc. and Rasier LLC respectfully request that, regardless of whether this Court grants Plaintiffs' request to modify[1] the "Nature of Suit" field in the CM/ECF record for this case, it leave this case assigned to an 8-month discovery track.  Plaintiffs argue that this action should be categorized as "380 Other Personal Property Damage" and thus should be assigned to a 4-month discovery track because they claim to have "clearly stated in section V. Cause of Action that this is a Tort claim under Georgia common law."  Dkt. No. 8, at 3.  However, this action is not a garden-variety personal property damage case as Plaintiffs claim.  The breadth of Plaintiffs' claims and the complexity of the issues raised are such that the discovery track corresponding to this case's current designation much better suits this case.

Plaintiffs' Complaint is founded on allegations that Uber does not comply with applicable rules.  *See, e.g.*,  Compl. ¶ 3 (alleging that "Uber illegally operates as a taxicab business"); *id.* ¶ 35 (alleging that "Uber's advertising campaign also directly violates regulatory statutes"); *id.* ¶ 40 (alleging that Uber operates "a de facto taxicab business in the Atlanta area in violation of state and municipal regulations"); *id.* ¶ 41 (alleging "[t]he wrongful operation of Defendants' business

---

[1] On October 29, 2014, Plaintiffs filed a Motion for Order to Correct Docket [Dkt. No. 8].

contrary to state and municipal regulations"); *id.* ¶ 44 (alleging that Uber "illegally increas[es] the number of vehicles for hire in the City of Atlanta").  Plaintiffs allege that this causes injury to the entire taxicab industry in Atlanta, who they claim to represent.  Compl. ¶ 9 ("The Plaintiff class is defined as all owners of *at least one* **CPNC** *(Certificate(s) of Public Necessity and Convenience)* and/or drivers of a licensed taxicab in the City of Atlanta since August 24, 2012 ("the Class") . . . .").  Indeed, Plaintiffs' own allegations make clear that their claim is based on "Uber's [alleged] deceptive practices and unfair competition methods," Compl. ¶ 36, and not on any damage to personal property.

Other courts in this District have assigned cases similar to this one to the 8-month discovery track specified for antitrust actions, even though antitrust claims had not been asserted by either party.  *See, e.g.*, Scheduling Order Approving Joint Preliminary Report and Discovery Plan, *Pennington Seed, Inc. v. The Scotts Miracle-Gro Company, Inc.*, No. 09-CV-0903-BBM (N.D. Ga. Jun. 24, 2009), ECF No. 73 (ordering case "assigned to an 8-month discovery term" where the plaintiff's claims were limited to unfair competition and false advertising under the Lanham Act, the Georgia Uniform Deceptive Trade Practices Act, Georgia False Advertising Law, and the Georgia common law of unfair competition, and the defendants similarly did not assert any antitrust counterclaims); Scheduling Order

Approving Preliminary Report and Discovery Plan, *Prima Technologies, Inc. v. Kim*, No. 08-cv-01363-ODE (N.D. Ga. Dec. 11, 2008), ECF No. 35 (ordering that "Discovery is set to an 8 month track beginning on the date of the planning conference" in an "action for trademark infringement, trademark counterfeiting, dilution, unfair competition, and false designation of origin arising under [the Lanham Act], and for trademark infringement, dilution, unfair competition, unjust enrichment and misappropriation and conversion, and deceptive trade practices under the laws of the State of Georgia").

As those cases were, this case is based on a dispute Plaintiffs have with Defendants' alleged business practices.  Despite the lack of an antitrust claim, the complexity of Plaintiffs' claims and that Plaintiffs purport to represent a class of thousands of individuals both warrant the assignment of this case to at least an 8-month discovery track, as the courts in *Pennington* and *Prima* did.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court leave this case assigned to an 8-month discovery track, regardless of whether it grants Plaintiffs' request to reclassify this case.

Respectfully submitted, this 17th day of November, 2014.

By /s/ Michael W. Tyler
Michael W. Tyler

Michael W. Tyler (GA Bar No. 721152)
    mtyler@kilpatricktownsend.com
John P. Jett (GA Bar No. 827033)
    jjett@kilpatricktownsend.com
Ross D. Andre (GA Bar No. 280210)
    randre@kilpatricktownsend.com
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Stephen A. Swedlow (*pro hac vice* pending)
    stephenswedlow@quinnemanuel.com
Amit B. Patel (*pro hac vice* pending)
    amitbpatel@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

Arthur M. Roberts (*pro hac vice* pending)
    arthurroberts@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Counsel for Uber Technologies, Inc. and Rasier LLC

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated:  November 17, 2014.

/s/ Michael W. Tyler
Michael W. Tyler

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2014, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to counsel for Plaintiffs:

> William A. Pannell
> WILLIAM A. PANNELL, P.C.
> 433 Chateau Drive, NW
> Atlanta, GA 30305

/s/ Michael W. Tyler
Michael W. Tyler

I certify that on November 17, 2014, I served a copy of the foregoing to counsel for Plaintiffs by depositing a copy in the U.S. Mail, first class postage prepaid, addressed as follows:

> Keith E. Fryer
> FRYER, SHUSTER & LESTER, PC
> 1050 Crown Pointe Parkway, Suite 410
> Atlanta, GA 30338

/s/ Amit B. Patel
Amit B. Patel

04978.00012/6338609.1