**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SCOTT MCCANDLISS,<br>DMIDRIY ABRAMYAN, ABDIKADIR<br>AHMED, AHMED KATUN AHMED,<br>AHMED HASSAN, BEN STEWART<br>ROUNTREE, FAHEEM IQBAL<br>QURESHI, ANTHONY D. LOGAN,<br> MOHAMED ABDULLE,<br>HAMOUD S. ALDAHBALI, JAMAL<br>ABDI, ABDILAHI AWALE,<br>MOHAMED A. HUSSEIN<br>and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br>UBER TECHNOLOGIES (GA), INC.,<br>RASIER, LLC<br>  and<br>KEITH RADFORD, AHMED SIMJEE,<br>JOSHUA GANTT, LESLIE GILMARTIN,<br>BRIAN GIQUEL,CHRISTOPHER BOSAK,<br>CHRISTOPHER JOHNSON, KEVIN<br>BUTTIMER,DANIEL ANDERSON, JOHN<br>STETTNER, RACHEL PIETROCOLA,<br>JOSH VARCOE, FABIAN FERNANDEZ,<br>AMINUR CHOUDHURY, SEID SHEK,<br>ABEBE TESFAYE, SAMUEL WORKU,<br>JEAN RICHARD PIERRE, ALEXANDER<br>AGBAERE, AYODELE OKPODU,<br>BELAY DAGNEW, individually and<br>all others similarly situated,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Reply in Support of<br>Motion to Remand<br><br>Civil Action File No.<br>1:14-03275- WSD<br><br>Class Action |

I

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

The Motion to Remand should be granted. Exercising jurisdiction will not serve CAFA's purpose. Only two issues are now in question: I. Whether the Defendant has proven the jurisdictional amount requirement; and, II. Whether the representatives and members of the Defendant Class satisfy the local controversy exception. The Defendant's offered evidence (Galey's declaration) is neither relevant nor reliable. This class action involves legal issues which are entirely local and is among parties and potential class members of which over 99.5% are from the State of Georgia. Over 99.7% of potential defendants are from Georgia.

I.   The defendant has not carried its burden to show by a preponderance of the evidence that the amount in controversy exceeds $ 5 million.

Defendant Uber Technologies, Inc. has failed to meet its burden of demonstrating that the amount in controversy exceeds $ 5 million.[1] Try as they may to convince that the declaration of Jacob Galey establishes otherwise, Mr. Galey's statements obviously include the total revenues Uber has received from its operations from its "Atlanta" operations. Uber's stated "operational" territory in

---

[1] Plaintiffs' Counsel apologizes for any misstatement that *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007), cert. denied, 553 U.S. 1080,128 S. Ct. 2877, 171 L. Ed. 2d 812 (2008) should prevent Defendant from offering evidence. Evidence is, however, limited to that which exists at time of removal and the Galey Declaration [Doc. 28] sidesteps that issue.

the Atlanta area consists of an area which circumscribes the City of Atlanta as shown on Exhibit A which was copied from Uber's website. This territory includes most or all of Fulton, Cobb, and DeKalb counties and is bordered by the cities of Cartersville, Douglasville, Newnan, Griffin, Covington, Lawrenceville, Cumming and Canton. This is a very large geographic area of which the area inside the Atlanta city limits is a small part. The blue area delineated on Exhibit A is Uber's "Atlanta operation".

As set forth in the in the Complaint and explained in Plaintiffs' Memorandum [Doc. 6-1, p.2], "At issue are only fares for trips *originating* within the city limits of Atlanta. Fares for trips ending in the city limits but originating outside of them and those completely outside the city limits are not issues in this class action as they are not subject to Atlanta's Taxi Ordinances. [Doc.1-2, ¶ 10, 36, 43]." (*emphasis added*). As specifically set forth in the Complaint [Doc. 1-2, p. 17-19] the unjust enrichment claim and the requests for injunctive and declaratory relief **only pertain** to "fares on trips originating in the City of Atlanta which are based on measured time and distance". *Id.*

Despite having access to this precise information, Defendant continues to offer broad conclusions about gross fares which obscure the real amount at issue in

this class action.  A party's failure to produce available evidence which is stronger than that relied upon raises a presumption that the stronger evidence, if produced, would be unfavorable.  See, e.g. *Hearing v. Johnson*, 105 Ga. App. 408, 124 S.E.2d 255 (1962). *See also*, Federal Rules of Evidence 301,302.

> If a party has evidence in such party's power and within such party's reach by which he or she may repel a claim or charge against him or her but omits to produce it or if such party has more certain and satisfactory evidence in his or her power but relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim against such party is well founded; but this presumption may be rebutted.

O.C.G.A. § 24-14-22.

Plaintiffs' Complaint does not relate to Uber's and it drivers' operations outside the city limits of Atlanta except for fares on rides starting/originating inside the city limits based on measured time and distance.  Neither are Uber's limousines if charged correctly under state law the subject of the Complaint.   Mr. Galey's declaration is simply a smoke screen to obscure what may be relevant.

The Defendant's Response [Doc.27] makes a number of statements that simply do not match with the evidence.  Try as they might, they cannot fit all fares from the Uber Atlanta geographic area (Exhibit A) into fares only originating (beginning) in the city limits of Atlanta.

First Uber claims, "In its Notice of Removal, Uber explicitly stated that the revenues from the business that **Plaintiffs seek to enjoin** in the City of Atlanta exceed $ 5 million. *See* Dkt No. 1 ("Notice") at 4." [Doc. 27, p.10 (*emphasis added*)]. Defendant then claims this amount was only fares originating in Atlanta.[Doc. 27. P.10-11]. That is simply not true and not what is stated in their Notice of Removal. It actually states, "In addition, Plaintiffs seek to enjoin Uber's business in the City of Atlanta, Ex. B ¶ 59, the revenues of which exceed $ 5 million." [Doc.1, p.4]. Plaintiffs' do not seek to "enjoin Uber's business". This statement was overbroad as explained in the Plaintiffs' Motion and Defendant makes no effort to correct it here.

As for Mr. Galey's declaration [Doc. 28], he first refers in paragraph 8 to gross fares (rather than profits) "in Atlanta" but in paragraph 9 refers to use of Uber's software and services "in the City of Atlanta". It is unclear what this means geographically to someone in Uber's San Francisco office. It is certainly confusing to the reader. Galey states, "the transportation services requested through Uber's smartphone application in Atlanta generated well over $ 5 million in gross fares." [Doc.28, ¶ 8].  Galey then makes a statement that the amount Uber retains for the use of its software and services is over $5 million. [Doc.28, ¶ 9]. Defendant had every opportunity to clearly state the fares generated by rides originating

5

(beginning) in the city limits of Atlanta and has chosen to submit murky, undefined testimony which bears no relation to the amounts sought in Plaintiffs' Complaint. They simply avoid defining accurately the amounts Galey asserts. They sidestep the real issues.

Defendant has failed to take advantage of the opportunity to offer clear evidence to explain its statement in the Notice of Removal and therefore fails to carry its burden of proof. Should this Court contemplate accepting Defendant's and Galey's statements regarding Uber's revenues as representing the amounts sought by Plaintiffs, Plaintiffs request either: a.) the Court to first inquire to Mr. Galey as to the exact geographic area of Mr. Galey's calculations and whether they pertain only to fares from rides beginning/originating in the city limits of Atlanta, or,  b.) allow Plaintiffs' by written questions directed to Mr. Galey to obtain the same clarification. Defendant's wordplay and lack of definition should not be allowed to establish jurisdiction without the requested, proper proof.

II.  Just as putative plaintiff class members in an uncertified class are considered and their claims aggregated for the limited purpose of determining jurisdiction under CAFA, putative defendant class members should be considered for the limited purpose for determining if the local controversy exception's requirements are met.

First, it was necessary to name a Defendant Class due to Uber's claim that their drivers are independent contractors and the fact that the drivers' retain approximately 80% of the gross fares. To do otherwise would have been reckless and unfair to plaintiffs. Any claim by Defendant to the contrary is unsupported, inappropriate and unprofessional.

This class action will greatly affect 13 Plaintiffs and 22 Defendants from Georgia and <u>legal rulings will not only affect them but all those they seek to represent regardless of whether both classes are certified</u>. Only 2 parties (2 of the corporate defendants) are from outside Georgia and it is presently unknown whether the third corporate Defendant actually exists.[2] There are over 1100 members of the Defendant Class who are 100% from Georgia.[3] The Plaintiff Class

---

[2] Uber Tecnologies (GA), Inc. is registered to do business in Georgia and was properly served but the Secretary of State of Delaware has no record of it. It was personally registered to do business in Georgia by the president of Uber, Mr. Kalanick. See Exhibit B attached. Inquiries were made to defense counsel but no explanation has been given as to whether it was properly recorded as a fictitious name pursuant to O.C.G.A. §14-2-401(b)3. It has filed the required Corporate Disclosure and apparently retained counsel [Doc. 14]. If it is a *de facto* Georgia corporation then remand is even more appropriate.

[3] As noted in the Motion to Remand, Uber requires a Georgia drivers' license and car registration which require residency. [Doc. 6-1, p.9, *fn.* 9,10].

consists of potentially 4018 registered taxi drivers who are 100% from Georgia[4]

and 420 CPNC owners of which only 21 are from outside Georgia.[5] Thus over

**99.5%** of the potential parties to this class action are Georgia citizens and residents

and at least **99.7%** of the Defendants are from Georgia.

This is certainly a local controversy as Congress contemplated.

> [The "Local Controversy Exception"] is intended to respond to concerns that class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes. At the same time, this is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole. Thus, the Committee wishes to stress that in assessing whether each of these criteria is satisfied by a particular case, a federal court should bear in mind that the purpose of each of these criteria is to identify a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others.

S.Rep. No. 109–14, at 39 (2005).

"A court's analysis for jurisdictional purposes should focus on whether the

case is a "truly local controversy" warranting remand or whether it is an "interstate

class action[ ] ... involv[ing] more people, more money, and more interstate

commerce" that Congress intended to place in federal court." *Quicken Loans Inc.*

---

[4] See Second Declaration of William Adam Pannell [Doc.33-1] and records attached. As promised, Plaintiffs' counsel has now received and supplied the roster of licensed taxicab drivers by the city of Atlanta.
[5] See Declaration of William Adam Pannell [Doc. 6-3].

*v. Alig,* 737 F.3d 960, 965-966 (4th Cir. 2013)(citing S.Rep. No. 109-14 at 5, 38-9.

**This is not an interstate action involving interstate commerce that Congress**

**intended to place in federal court.** [6]

The Defendant struggles to make some kind of mathematical argument

regarding the aggregation of claims against defendants. [Doc.27, p.16]. The

Fourth Circuit put to rest any doubt that the claims against defendants can be

aggregated to meet the "at least 1 defendant" requirement of 28 U.S.C. §

1332(d)(4)(A)(i)(II).

> [W]e are unable to agree with Quicken Loans' suggestion that the "at least 1 defendant" factor must mean only one defendant. Under common parlance, the term "at least" permits a reading that more than one defendant could satisfy the stated criteria. Moreover, to conclude otherwise would lead to an absurd result.

> To highlight the absurdity of interpreting "at least 1 defendant" to mean only one defendant, we set forth the following example that explicates our concern: There is a putative class action wherein all twenty named defendants, except one, reside in the same state. There is no dispute that the one out-of-state defendant is an insignificant defendant for purposes of relief and the basis of the suit. The remaining nineteen in-state defendants are 99.99 percent liable and meet the "significant relief" and "significant basis" factors as a group and in equal proportion to each other–5.26 percent each. The other

---

[6] At least one state's courts recently enjoined Uber saying they acted "in all ways" like a taxi company under local law.
http://www.reviewjournal.com/news/nevada/nevada-judge-rules-against-ridesharing-firm-uber

factors of the local controversy exception are met.

*Quicken Loans Inc. v. Alig,* 737 F.3d 960, 965 (4th Cir. 2013).

Defendant ignores that their 21 drivers are named as class representatives of a group that receives and controls 80% of the fares illegally collected. An injunction or a declaratory judgment against those 21 representatives will undoubtedly be used to apply to the defendant class whether it is certified or not.

There is no question that subparts aa, bb and cc of 28 U.S.C. § 1332(d)(4)(A)(i)(II) are met as to the Defendant Class Representatives and the Defendant Class.[7] *Significant relief* in the forms of damages, unjust enrichment (80%), injunctive, and/or declaratory relief are sought against them. Their conduct forms the *significant basis* of the claims in this class action as it is their day to day collection of fares for rides originating in the city limits of Atlanta which actually violates city ordinances. Without their conduct there would be no case as it is the proximate cause of the harms to plaintiffs. They are *all citizens* of Georgia.

Uber argues that all fares collected by the Defendant Class are to be considered to reach the $ 5 million jurisdictional amount requirement. See, *Declaration of Galey* [Doc. 27]. Once facts concerning members of the Defendant

---

[7] They may also be met as to Uber Technologies (Ga), Inc. if it is a Georgia corporation.

Class are put into evidence and consideration by the removing Defendant for one purpose, how then can they *not* be considered to determine if the local controversy exception applies? This is especially true where, as here, Plaintiffs have no way of verifying the financial information. Once put on a scale of justice, evidence should remain for all to use equally.

The legislative history of CAFA contains absolutely no mention or contemplation of Defendant Class actions. This is understandable since defendant classes are rarely used and the primary purpose of CAFA was to protect defendants against class actions in state forums. It simply did not cross Congress's collective minds. The only question that remains is whether the putative Defendant Class members can be considered the same as putative Plaintiff Class members for the limited purpose of determining jurisdiction. Neither class has been certified. Neither putative plaintiff class members nor putative defendant class members are parties to the lawsuit. The volume at which Defendant squeals in response to this position verifies the fairness of considering members of defendant classes in determining jurisdiction.

Putative class members of either class are not parties even after certification and are only considered for limited purposes. In holding that a class member had

standing to appeal a settlement, the Supreme Court stated, "Nonnamed class members, however, may be parties for some purposes and not for others. The label "party" does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Devlin v. Scardelletti*, 536 U.S. 1, 10,122 S. Ct. 2005, 153 L. Ed. 2d 27 (2002). "The Court also explained that the rule that absent class members are not parties for the purpose of diversity jurisdiction 'is likewise justified by the goals of class action litigation' because '[e]ase of administration of class actions would be compromised by having to consider the citizenship of all class members' and 'considering all class members for these purposes would destroy diversity in almost all class actions.' *Id.,* 122 S.Ct. at 2011 " *Day v. Persels & Associates, LLC,* 729 F.3d 1309, 1319 (11th Cir. 2013) (citing *Devlin).*

Obviously, CAFA has changed the ground rules since *Dev*lin for determining jurisdiction in class actions. Putative plaintiff class members *are* to be considered in determining jurisdiction. But, CAFA did not change the general rule of law that putative plaintiff class members are not parties. Putative defendant class members must also be considered for the limited purpose for determining jurisdiction under CAFA. To hold otherwise, would violate the equal protection and due process clauses of the Fourteenth Amendment to the United States

Constitution. There is no rational basis and Congress did not consider such unequal treatment when enacting CAFA.

Imagine a state class action which applies the laws of several states and concerns interstate commerce which is only (no plaintiff class) filed against a defendant class but composed of class members which are 75% from out of state. However, the named defendant class representatives are all citizens of the same state as the named plaintiffs. There are no diverse named parties. Should the citizenship of the defendant class members be considered for jurisdictional purposes? Congress would certainly have included defendant classes if such an example were raised. To exercise subject matter jurisdiction in such an instance would certainly meet the goals of CAFA. It would prevent the state court from keeping "cases of national importance out of Federal court" and making "judgments that impose their view of the law on other States and bind the rights of the residents of those states." *See* CAFA, Pub.L. No. 109–2 § 2(a)(4). And, "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." *Id.* § 2(b)(2).

The case at bar will be decided based on Georgia law and City of Atlanta ordinances. The persons who will be most affected by legal rulings in the case regardless of class certification are 97.5% from Georgia. Interstate commerce will not be affected. It is beyond doubt that this is purely a 'local controversy' that happens to involve a foreign corporation who chose to do business and create operations in the greater Atlanta area. It even brings to mind principles of *abstention* by Federal courts.

## CONCLUSION

This case should be remanded to the Superior Court of Fulton County. It will not serve any purpose of CAFA to exercise Federal jurisdiction.

Respectfully submitted this 1st day of December, 2014.

/s/ *William A. Pannell*
William A. Pannell
Georgia Bar No. 561025
WILLIAM A. PANNELL, P.C.
433 Chateau Drive, NW
Atlanta, Georgia 30305
TEL (404) 353-2283
FAX (404)237-2384

14

Keith E. Fryer
Georgia Bar No. 279037
FRYER, SHUSTER & LESTER, PC
1050 Crown Pointe Parkway, Suite 410
Atlanta, GA 30338-7701
TEL (770) 668-9300
FAX (770) 668-9465
Of Counsel

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been

prepared in 14 point Times New Roman font in accordance with Local Rule

5.1(C).

Dated:  December 1, 2014.

/s/  *William A. Pannell*
William A. Pannell

# EXHIBIT

# A



# EXHIBIT

# B

Control No.: 13439147

# STATE OF GEORGIA

### Secretary of State

Corporations Division

313 West Tower

#2 Martin Luther King, Jr. Dr.

Atlanta, Georgia 30334-1530

# CERTIFICATE OF AUTHORITY

I, **Brian P. Kemp**, The Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

### UBER TECHNOLOGIES(GA), INC.

a Foreign For-Profit Corporation

is hereby issued a CERTIFICATE OF AUTHORITY under the laws of the State of Georgia on **July 16, 2013** by the filing of all documents in the Office of the Secretary of State and by the paying of all fees as provided by Title 14 of the Official Code of Georgia Annotated.

**WITNESS** my hand and official seal in the City of Atlanta and the State of Georgia on August 13, 2013



Brian P. Kemp
Secretary of State

Tracking #: FdLLiZFP



**OFFICE OF SECRETARY OF STATE**
CORPORATIONS DIVISION
237 Coliseum Drive
Macon, Georgia 31217
(404) 656-2817
Registered agent, officer, entity status information via the Internet
sos.georgia.gov/corporations

Brian P. Kemp
Secretary of State

**APPLICATION FOR CERTIFICATE OF AUTHORITY
FOR FOREIGN CORPORATION**

## IMPORTANT
**Remember to include your e-mail address when completing this transmittal form.**

Providing your e-mail address allows us to notify you via e-mail when we receive your filing and when we take action on your filing.   Please enter your e-mail address on the line below. Thank you.

E-Mail: shirin@uber.com

**NOTICE TO APPLICANT:  PRINT PLAINLY OR TYPE REMAINDER OF THIS FORM**

| | |
|---|---|
| 1 | Uber Technologies (GA), Inc. — Name Reservation Number (Optional) |
| | Corporate Name |
| | August 24, 2012 |
| | Date business commenced (or proposed) in Georgia   (NOTE:  If the date provided here is more than 30 days prior to the date the application is received by the Secretary of State, a $500 penalty must be paid; penalty is statutory and cannot be waived by Secretary of State.) |

| 2 | Shirin Schokrpur | | (415) 496-6705 |
|---|---|---|---|
| | Name of filing person (certificate will be mailed to this person, at address below) | | Telephone Number |
| | 182 Howard St. #8 | San Francisco | CA      94105 |
| | Address | City | State          Zip Code |

| 3 | 182 Howard St. #8 | San Francisco | CA      94105 |
|---|---|---|---|
| | Principal Office Mailing Address (may be P.O. Box) | City | State          Zip Code |

| 4. | National Registered Agents, Inc. |
|---|---|
| | Name of Registered Agent in Georgia |
| | 1202 Peach Street, NE |
| | Registered Office Street Address in Georgia (Post office box or mail drop not acceptable for registered office address) |
| | Atlanta          Fulton          GA  30361 |
| | City          County          State          Zip Code |

| 5. | Circle/Check ONE | Jurisdiction (Home State or Country) | Date of Incorporation in home state |
|---|---|---|---|
| | ✔ PROFIT    ☐ NONPROFIT | Delaware | July 16, 2010 |

| 6. | | | | | |
|---|---|---|---|---|---|
| | Travis Kalanick | 182 Howard St. #8 | San Francisco | CA | 94105 |
| | Officer / CEO President | Address | City | State | Zip Code |
| | Ryan Graves | 182 Howard St. #8 | San Francisco | CA | 94105 |
| | Officer / CFO VP- Operations | Address | City | State | Zip Code |
| | Ed Hubbard | 182 Howard St. #8 | San Francisco | CA | 94105 |
| | Officer / SEC VP - Bus. Dev. | Address | City | State | Zip Code |

7. NOTICE:  Mail or deliver the following items to the Secretary of State at the above address.
   (1)  Original and one copy of this application
   (2)  An ORIGINAL certificate of existence or good standing, not more than 90 days old, certified by the home state or country.  Certificates from home state may not be more than 90 days old.  (Copy of articles of incorporation from home state should NOT be submitted)
   (3)  Filing fee of $225.00 payable to "Secretary of State."  Filing fees are NON-refundable.

Authorized Signature          Date  7/12/13          FORM 236

Request certificates and obtain entity information via the Internet: http://sos.ga.gov/corporations

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2014, I filed a copy of the foregoing

document using the Court's ECF/CM system, which will automatically send notice

of such filing to counsel for Defendants:

Michael W. Tyler (GA Bar No. 721152)
mtyler@kilpatricktownsend.com
John P. Jett (GA Bar No. 827033)
jjett@kilpatricktownsend.com
Ross D. Andre (GA Bar No. 280210)
randre@kilpatricktownsend.com
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Stephen A. Swedlow
stephenswedlow@quinnemanuel.com
Amit B. Patel
amitbpatel@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Arthur M. Roberts
arthurroberts@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Dated:  December 1, 2014.

/s/  William A. Pannell
William A. Pannell