# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Scott McCandliss, Dmidriy Abramyan, Abdikadir Ahmed, Ahmed Katun Ahmed, Ahmed Hassan, Ben Stewart Rountree, Faheem Iqbal Qureshi, Anthony D. Logan, Mohammed Abdulle, Hamoud S. Aldahbali, Jamal Abdi, Abdilahi Awale, and Mohamed A. Hussein, <br><br> Plaintiffs, <br><br> v. <br><br> Uber Technologies, Inc., Uber Technologies (GA), Inc., Rasier LLC, Keith Radford, Ahmed Simjee, Joshua Gantt, Leslie Gilmartin, Brian Giquel, Christopher Bosak, Christopher Johnson, Kevin Buttimer, Daniel Anderson, John Stettner, Rachel Pietrocola, Josh Varcoe, Fabian Fernandez, Aminur Choudhury, Seid Shek, Abebe Tesfaye, Samuel Worku, Jean Richard Pierre, Alexander Agbaere, Ayodele Okpodu, and Belay Dagnew, <br><br> Defendants. | CIVIL ACTION NO. 1:14-CV-03275-WSD |

**DEFENDANTS UBER TECHNOLOGIES, INC.
AND RASIER LLC'S RESPONSE TO
<u>PLAINTIFFS' NOTICE OF PENDING RELATED CASE</u>**

Defendants Uber Technologies, Inc. and Rasier LLC oppose Plaintiffs' Notice of Pending Related Case.  Dkt. No. 24.  Plaintiffs suggest that another action, *Delta Cab Association, Inc. et al. v. City of Atlanta, Georgia*, No. 1:13-cv-2218-TWT is related to this case, but the case is not related for several reasons.

First, it is not even clear that Uber is required to respond to Plaintiffs' "Notice of Pending Related Case."  Plaintiffs have not filed a motion to relate the cases, and it does not appear that Plaintiffs are seeking to have the cases related.  Plaintiffs merely state in their Notice that the purportedly related case "should have been noted on the Civil Cover Sheet for assignment."  Dkt. No. 24, at 2.  It is not clear what relief Plaintiffs seek, and their Notice does not require any action from the Court, Uber, or Rasier.  Uber and Rasier provide this response only out of an abundance of caution and to identify the several inaccuracies in Plaintiffs' Notice.

Second, this case is not related to *Delta Cab* under the plain language for determining whether cases are related.  The Civil Cover Sheet states that a case is related if it involves "property included in an earlier numbered pending suit."  Dkt. No. 1-3, at § VIII.  But this suit does not involve "property included" in *Delta Cab*.  Plaintiffs appear to argue that because *Delta Cab* involved Certificates of Public Necessity and Convenience (CPNCs), that Plaintiffs' case is related because it also involves CPNCs.  Dkt. No. 24, at 2.  Plaintiffs, however, cannot establish

that the same CPNCs are at issue in both cases.  The plaintiffs' claim in *Delta Cab* was that they did not actually possess any CPNCs and that the City of Atlanta should have issued them CPNCs.  No. 1:13-cv-2218-TWT (Dkt. No. 13, at ¶¶ 1–7).  In contrast, Plaintiffs here claim, among other things, that the CPNCs already in their possession are being devalued by Uber's alleged actions.  Am. Compl. ¶ 3.  Thus, even assuming that CPNCs constitute "property," this case cannot involve the same property in *Delta Cab* because there were no existing property rights at issue in *Delta Cab*.

Second, none of the plaintiffs in *Delta Cab* are Plaintiffs here.  Thus, not only was there no preexisting property at issue in *Delta Cab*, but the only way the hypothetical property would be implicated in this case would be if the Court certified Plaintiffs' purported class, which may never occur.

Third, there are no efficiencies to be gained from relating these cases. The cases do not involve any of the same parties.  The cases involve totally different legal claims—in *Delta Cab*, the plaintiffs asserted constitutional claims for procedural due process, substantive due process, and equal protection, No. 1:13-cv-2218-TWT (Dkt. No. 13), and here, Plaintiffs' substantive claims are for tortious interference, unjust enrichment, and bad faith, Dkt. No. 29.

Fourth, *Delta Cab* was not "pending," as Plaintiffs claim, when this case was removed.  That case was dismissed with prejudice on August 21, 2014, *Delta Cab*, No. 13-cv-2218-TWT (Dkt. No. 91), and Defendants removed this action on October 10, 2014, Dkt. No. 1.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court decline to find that this case is related to *Delta Cab Association, Inc. et al. v. City of Atlanta, Georgia*, No. 1:13-cv-2218-TWT.

Respectfully submitted, this 2nd day of December, 2014.

By /s/ Michael W. Tyler
    Michael W. Tyler

Michael W. Tyler (GA Bar No. 721152)
   mtyler@kilpatricktownsend.com
John P. Jett (GA Bar No. 827033)
   jjett@kilpatricktownsend.com
Ross D. Andre (GA Bar No. 280210)
   randre@kilpatricktownsend.com
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Stephen A. Swedlow (*pro hac vice*)
   stephenswedlow@quinnemanuel.com
Amit B. Patel (*pro hac vice*)
   amitbpatel@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Arthur M. Roberts (*pro hac vice*)
   arthurroberts@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Counsel for Uber Technologies, Inc. and Rasier LLC

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated:  December 2, 2014.

/s/ Michael W. Tyler
Michael W. Tyler

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2014, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to counsel for Plaintiffs:

> William A. Pannell
> WILLIAM A. PANNELL, P.C.
> 433 Chateau Drive, NW
> Atlanta, GA 30305

/s/ Michael W. Tyler
Michael W. Tyler

I certify that on December 2, 2014, I served a copy of the foregoing to counsel for Plaintiffs by depositing a copy in the U.S. Mail, first class postage prepaid, addressed as follows:

> Keith E. Fryer
> FRYER, SHUSTER & LESTER, PC
> 1050 Crown Pointe Parkway, Suite 410
> Atlanta, GA 30338

/s/ Amit B. Patel
Amit B. Patel
