UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Scott McCandliss, Dmidriy Abramyan, Abdikadir Ahmed, Ahmed Katun Ahmed, Ahmed Hassan, Ben Stewart Rountree, Faheem Iqbal Qureshi, Anthony D. Logan, Mohammed Abdulle, Hamoud S. Aldahbali, Jamal Abdi, Abdilahi Awale, and Mohamed A. Hussein,<br><br>      Plaintiffs,<br><br>    v.<br><br>Uber Technologies, Inc., Uber Technologies (GA), Inc., Rasier LLC, Keith Radford, Ahmed Simjee, Joshua Gantt, Leslie Gilmartin, Brian Giquel, Christopher Bosak, Christopher Johnson, Kevin Buttimer, Daniel Anderson, John Stettner, Rachel Pietrocola, Josh Varcoe, Fabian Fernandez, Aminur Choudhury, Seid Shek, Abebe Tesfaye, Samuel Worku, Jean Richard Pierre, Alexander Agbaere, Ayodele Okpodu, and Belay Dagnew,<br><br>      Defendants. | CIVIL ACTION NO. 1:14-CV-03275-WSD |

**DRIVER DEFENDANTS' MOTION TO DISMISS AMENDED
COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Ahmed Simjee, Joshua Gantt, Brian Giquel, Christopher Bosak, Christopher Johnson, Kevin Buttimer, John Stettner, Rachel Pietrocola, Josh Varcoe, Fabian Fernandez, Aminur Choudhury, Seid Shek, Abebe Tesfaye, Samuel Worku, Jean Richard Pierre, Alexander Agbaere, Ayodele Okpodu, and Belay Dagnew (the "Driver Defendants")[1] move the Court to dismiss Plaintiffs' Amended Complaint [Dkt. No. 29] with prejudice.

In support of this Motion, the Driver Defendants respectfully show the Court as follows:

## INTRODUCTION

This lawsuit is a challenge to the legality of Uber, a technology platform that connects users with safe, reliable transportation through a smartphone application. Plaintiffs, a group of allegedly aggrieved taxicab operators as well as owners of Certificates of Public Necessity and Convenience ("CPNC") licenses, have brought suit against not just Uber Technologies, Inc. ("Uber") but also against a group of

---

[1] Uber has no record that Defendant Daniel Anderson is or ever was driver who uses the Uber app to receive transportation requests, and is unsure who he is or why he was named in this lawsuit. Although this motion is not interposed on his behalf, the Driver Defendants respectfully submit that each argument made herein would be equally applicable to Mr. Anderson. This motion is also not submitted on behalf of Leslie Gilmartin although, again, the arguments would all apply to Ms. Gilmartin with equal force.

individuals that Plaintiffs allege are or have been drivers who use the Uber software application.

Following multiple motions to dismiss the original complaint in this matter [Dkts. No. 13, 15, 17], Plaintiffs filed their Amended Complaint. Despite their attempts to plead around the failures of the original complaint, Plaintiffs have still failed to satisfy their pleading burdens.

The Court should dismiss all of the Driver Defendants from this lawsuit. The Corporate Defendants[2] have filed a separate motion to dismiss that sets forth numerous grounds for dismissal, all of which are applicable to – and adopted by – the individual defendants represented in this motion. In addition, the Court should dismiss the Amended Complaint because it is an impermissible shotgun pleading and because it fails to allege facts to support a finding of conspiracy involving the Driver Defendants.

## ARGUMENT AND CITATION TO AUTHORITY

### I. Plaintiffs' Claims Against the Driver Defendants Fail as a Matter of Law for the Reasons Outlined in the Corporate Defendants' Motion.

The Corporate Defendants' motion to dismiss and memorandum of law in support thereof (the "Corporate Defendants' Motion") identifies and explains in

---

[2] The term the "Corporate Defendants" used herein refers to Defendants Uber Technologies, Inc., Uber Technologies (GA), Inc., and Rasier LLC.

detail fundamental pleading failures in the Amended Complaint that bar recovery, as a matter of law, on every claim asserted as to each Defendant, including the Driver Defendants. Specifically, the Corporate Defendants' Motion provides argument and citation to authority regarding:

(1) The dispositive admission that many members of the class have no valid business relations with which to interfere. *Meadow Springs, LLC v. IH Riverdale, LLC*, 323 Ga. App. 478, 480, 747 S.E.2d 47, 50 (2013) (holding that a tortious interference claim requires a third party who was induced to terminate or not initiate a business relationship).

(2) The inability to premise a tortious interference claim on relations with a regulatory body, not a business. *Alexandre v. New York City Taxi & Limousine Comm'n*, No. 07 CIV. 8175 (RMB), 2007 WL 2826952, at *8 (S.D.N.Y. Sept. 28, 2007)

(3) The failure to plead *facts* to show any improper or wrongful conduct (as opposed to bare legal conclusions not entitled to a presumption of truth). *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

(4) The failure of Plaintiffs' conspiracy claim because it relies on the same insufficient allegations as the tortious interference claim. *Ralls*

*Corp. v. Huerfano River Wind, LLC*, No. 3:13-CV-213-TCB, 2014 WL 2916443, at *24 (N.D. Ga. June 27, 2014).

(5) The unavailability of punitive damages because that claim is purely derivative of Plaintiffs' insufficiently-pled tortious interference claim. *Boeing Co. v. Blane Int'l Grp.*, 276 Ga. App. 672, 676, 624 S.E.2d 227, 231 (2005).

(6) The impropriety of seeking to recover under a theory of unjust enrichment, which is a species of contract claim and which is pled on the basis of supposed property rights to which Plaintiffs had no guarantee. *Tidikis v. Network for Med. Commc'ns & Research LLC*, 274 Ga. App. 807, 811, 619 S.E.2d 481, 485 (2005).

(7) The failure of Plaintiffs' bad faith claim because it relies on the same insufficient allegations as the tortious interference claim. *See Tyler v. Lincoln*, 272 Ga. 118, 121, 527 S.E.2d 180, 184 (2000).

(8) The unavailability of injunctive relief to recover for alleged harm that all has an adequate remedy in law. *Diamond Power Int'l, Inc. v. Clyde Bergemann, Inc.*, 370 F. Supp. 2d 1339, 1349 (N.D. Ga. 2005).

(9) The unavailability of declaratory relief to recover for purely past harms, not any threatened future uncertainty. *Atlanta Nat. League*

*Baseball Club, Inc. v. F.F.*, 328 Ga. App. 217, 220, 761 S.E.2d 613, 615 (2014); *Roy v. Fulton Cnty. Sch. Dist.*, No. 1:06-CV-0886J, 2007 WL 2274764, at *4 n.4 (N.D. Ga. Aug. 6, 2007), *aff'd*, 288 F. App'x 686 (11th Cir. 2008).

The Amended Complaint (as did the original complaint) makes no attempt to delineate between claims of wrongdoing leveled against the Corporate Defendants, as opposed allegations of wrongdoing by – and causes of action against – the Driver Defendants. Consequently, each of the arguments asserted in the Corporate Defendants' Motion applies equally to the Driver Defendants, and the Defendant Drivers incorporate by reference the Corporate Defendants' Motion as if each argument and citation of authority was stated fully herein. For each of the reasons set forth in detail in the Corporate Defendants' Motion, the Court should dismiss the Amended Complaint as to the Driver Defendants in its entirety with prejudice.

## II. Plaintiffs' Claims Against the Driver Defendants Fail as a Matter of Law for Two Grounds Independent of the Grounds Asserted in the Corporate Defendants' Motion to Dismiss.

In addition to the grounds for dismissal set forth in the Corporate Defendants' Motion, there are two independent grounds to dismiss the Amended Complaint as to the Driver Defendants. First, the Amended Complaint is an impermissible shotgun pleading. Second, Plaintiffs have failed to plead any

plausible allegations of specific intent as to the Driver Defendants, a necessary element of their conspiracy claim.

### A. Plaintiffs' Claims Against the Driver Defendants Fail Because the Amended Complaint is an Impermissible Shotgun Pleading

The fact that Plaintiffs have lumped together alleged wrongdoing by the Corporate Defendants and the Driver Defendants without recognizing the distinction between those parties and making specific allegations with respect to each is an independent ground for dismissal. This is particularly true where, as here, Plaintiffs are taking their second bite at the apple – the Driver Defendants highlighted the shotgun nature of the original complaint in their first motion to dismiss. The Amended Complaint, however, does nothing to remedy that problem and, if anything, makes the problem worse by overloading the Amended Complaint with vapid bombast.

It is well settled in the Eleventh Circuit that so-called "shotgun pleadings" are impermissible. *E.g.*, *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008) (holding that "[t]he complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years . . . ." and collecting cases for the proposition that "since 1985 we have explicitly condemned shotgun pleadings upward of fifty times").

A shotgun pleading is one that fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. Bellsouth Telecomms, Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). In a shotgun pleading "[i]t is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant." *Id.* at 372; *see also Davis*, 516 F.3d at 980 (noting that a shotgun pleading fails to delineate causes of action advanced *by* any particular party or *against* any particular party). A shotgun pleading may also be characterized by "an argument about the merits of [a] claim, rather than a complaint for relief." *Branham v. Astrue*, No. 7:08-CV-123(HL), 2009 WL 1025393, at *1 (M.D. Ga. Apr. 15, 2009).

The Eleventh Circuit has counseled that a "defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014). Faced with that admonition, courts in this District and Circuit have held that the proper remedy for a shotgun pleading is dismissal with prejudice. *See, e.g.*, *Calhoun v. Nationstar*, No. 1:13-CV-2581-TWT, 2013 WL 5493311, at *2 (N.D. Ga. Sept. 30, 2013) ("Moreover, that plaintiff has filed a shotgun, form complaint counsels

dismissal with prejudice rather than a lesser sanction."). Again, that is particularly true here because Plaintiffs have already had an opportunity to remedy this pleading defect and have failed to do so.

The Amended Complaint remains a textbook example of a shotgun pleading, particularly as to the Driver Defendants. It is now apparent that Plaintiffs have named the Driver Defendants merely to exert leverage and litigation pressure on individuals who chose to use the Uber app to receive requests for transportation services.[3] Although the Amended Complaint attempts to delineate between so-called "Uber Defendants," Am. Compl. ¶ 5c, and an imagined "Defendant Class," *id.* ¶ 10, it then moves – seemingly randomly – between groups and, in many instances, treats Defendants as a single actor.[4] *E.g.*, *id.* ¶¶ 48, 56 & 59. Some paragraphs begin with an allegation against a targeted group (*e.g.*, the "Uber Defendants") but devolve into merely alleging wrongdoing by "Defendants," when

---

[3] Plaintiffs allege that it was necessary to name individual drivers as defendants because they are independent contractors. Am. Compl. ¶ 37. That argument falls apart under scrutiny. Plaintiffs seek injunctive relief to outlaw Uber's operations and disgorgement of all profits earned. That can be accomplished through a lawsuit against only Uber. Plaintiffs, instead, chose to exert as much litigation pressure as possible by name independent drivers in this suit.

[4] Moreover, the "Defendant Class" is defined to include Keith Radford, who is plainly the manager of Uber's Atlantic operations. Am. Compl. ¶ 10. His role in these events is plainly different from the individual drivers, yet Plaintiffs insist on lumping him in with everyone else, which is indicative of the pleading failures that run through the Amended Complaint.

Page **9** of **14**

the allegations are plainly inapplicable to every Defendant in the case. *See id*. ¶ 42.

It is difficult, if not impossible, to understand what wrongdoing is alleged against which Defendants. Not a single cause of action is alleged specifically against any Driver Defendant; instead, each mixes parties, and allegations, into a morass of incomprehensible allegations. *See Beckwith*, 146 F. App'x at 372 (rejecting, as a shotgun pleading, a complaint that made it "virtually impossible to ascertain . . . which claim is directed at which defendant").

As indicative of a shotgun pleading, the Amended Complaint fails to provide sufficient factual allegations regarding the conduct of the Defendant Drivers to allow the Driver Defendants to form a cogent response. Plaintiffs assume that Uber and the drivers who use Uber's software to accept requests for transportation services act as a singular unit but provide no factual allegations to support that supposition. Naming individual drivers is quite simply a product of Plaintiffs' incoherent, shotgun approach to pleading. The Court should dismiss the entire Complaint.

### B. Plaintiffs' Claims Against the Driver Defendants Fail Because Plaintiffs Have Failed to Plead that the Driver Defendants Acted with the Intent to Injure.

The entire Amended Complaint is subject to dismissal because it is a

shotgun pleading, and each particular claim is subject to dismissal for the reasons set forth in the Corporate Defendants' motion. In addition, the Court should dismiss the tortious interference and conspiracy claim (Count I) in the Amended Complaint as to the Driver Defendants because it fails to plead a plausible claim for relief.

Plaintiffs go to great lengths to allege that Defendants acted with malice or the intent to harm. Their allegations, however, are universally directed to the Corporate Defendants and fail to allege facts to support an inference of intent to harm by the Driver Defendants.

Under Georgia law, an "act is malicious when the thing done is with the knowledge of the plaintiff's rights, and with the intent to interfere therewith." *Spivey v. Rogers*, 173 Ga. App. 233, 239, 326 S.E.2d 227, 233 (1984) (quoting *Employing Printers' Club v. Dr. Blosser Co.*, 122 Ga. 509, 519, 50 S.E. 353 (1905)). The Plaintiffs go to great lengths in the Amended Complaint to attempt to manufacture facts showing that any Defendants acted "with the knowledge of the plaintiff's rights, and *with the intent to interfere* therewith" *Id.* In doing so, however, the allegations that might support an inference of intent to injure are directly solely at the Corporate Defendants (the "Uber Defendants," in Plaintiffs' parlance). *See* Am. Compl. ¶¶ 40, 42, 46.

With respect to the Driver Defendants, there is no allegation of malice and intent to injure aside from naked legal conclusions bereft of factual support. *Id.* ¶ 51 (alleging that the Driver Defendants unspecified actions were "done with malice and with the intent to injure the Plaintiffs"). It is axiomatic that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts "are entitled to no deference and are insufficient to meet a party's pleading obligations in federal court. *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). At best, Plaintiffs allege that the Driver Defendants offered transportation services to consumers in Georgia using the Uber app but did so "without the intent to injure" Plaintiffs. *Culpepper v. Thompson*, 254 Ga. App. 569, 572, 562 S.E.2d 837, 841 (2002) (dismissing tortious interference claim for lack of malice because defendant "merely carried out the unanimous will of the board without the intent to injure" the plaintiff); *Renden, Inc. v. Liberty Real Estate Ltd. P'ship III*, 213 Ga. App. 333, 335, 444 S.E.2d 814, 817 (1994) (dismissing tortious interference claim for failure to establish "malice with intent to injure").

Plaintiffs' allegations, though littered with references to "malice" and "intent," do not demonstrate anything other than that Driver Defendants used the Uber application, and certainly do not support an inference that any particular

Driver Defendant acted with the specific intent to harm Plaintiffs.[5]  Tortious interference claims are not meant to criminalize garden-variety competition as Plaintiffs seek to do here.  Because Plaintiffs do not adequately allege that any Driver Defendant acted with malice or intent to harm, this Court should dismiss Count I of their Complaint.

## CONCLUSION

For the reasons provided herein, including those provided in the Corporate Defendants' Motion, the Driver Defendants respectfully request that the Court dismiss all claims asserted in Plaintiffs' Complaint against the Driver Defendants with prejudice.

Respectfully submitted, this 22nd day of December, 2014

By  /s/ Michael W. Tyler
Michael W. Tyler

Michael W. Tyler (GA Bar No. 721152)
   mtyler@kilpatricktownsend.com
John P. Jett (GA Bar No. 827033)
   jjett@kilpatricktownsend.com
Ross D. Andre (GA Bar No. 280210)
   randre@kilpatricktownsend.com

---

[5] Indeed, it strains credibility to imagine that Plaintiffs would ever be able to adduce evidence that any individual Uber driver – an independent contractor offering transportation services as-needed – had specific and malicious intent to injure a class of persons owning or leasing CPNC medallions from the City of Atlanta.  Nonetheless, that is the claim that Plaintiffs urge this Court to address.

**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Counsel for the Driver Defendants

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated:  December 22, 2014.

/s/ Michael W. Tyler
Michael W. Tyler

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2014, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to counsel for Plaintiffs:

William A. Pannell
WILLIAM A. PANNELL, P.C.
433 Chateau Drive, NW
Atlanta, GA 30305

I further certify that on December 22, 2014, I served a copy of the foregoing to counsel for Plaintiffs by depositing a copy in the U.S. Mail, first class postage prepaid, addressed as follows:

Keith E. Fryer
FRYER, SHUSTER & LESTER, PC
1050 Crown Pointe Parkway, Suite 410
Atlanta, GA 30338

/s/ Michael W. Tyler
Michael W. Tyler

US2008 6199003 2