# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Scott McCandliss, Dmidriy Abramyan, Abdikadir Ahmed, Ahmed Katun Ahmed, Ahmed Hassan, Ben Stewart Rountree, Faheem Iqbal Qureshi, Anthony D. Logan, Mohammed Abdulle, Hamoud S. Aldahbali, Jamal Abdi, Abdilahi Awale, and Mohamed A. Hussein, <br><br>            Plaintiffs, <br><br>    v. <br><br> Uber Technologies, Inc., Uber Technologies (GA), Inc., Rasier LLC, Keith Radford, Ahmed Simjee, Joshua Gantt, Leslie Gilmartin, Brian Giquel, Christopher Bosak, Christopher Johnson, Kevin Buttimer, Daniel Anderson, John Stettner, Rachel Pietrocola, Josh Varcoe, Fabian Fernandez, Aminur Choudhury, Seid Shek, Abebe Tesfaye, Samuel Worku, Jean Richard Pierre, Alexander Agbaere, Ayodele Okpodu, and Belay Dagnew, <br><br>            Defendants. | CIVIL ACTION NO. 1:14-CV-03275-WSD |

## KEITH RADFORD'S REPLY BRIEF IN SUPPORT OF
## MOTION TO DISMISS AMENDED COMPLAINT

US2008 6320285 2

Plaintiffs' opposition to Keith Radford's[1] motion to dismiss relies on bluster rather than allegations supporting a claim for relief under federal pleading standards. The thesis of Plaintiffs' Amended Complaint is that Uber, and a host of persons working with or for it, violate Atlanta taxi laws and are therefore engaged in tortious conduct and other potentially actionable wrongdoing. That position falls apart under any scrutiny.

In addition to adopting the numerous grounds for dismissal asserted by the Corporate Defendants, Mr. Radford has raised three independent grounds on which to dismiss the Amended Complaint, none of which Plaintiffs rebut in their responsive briefing.[2] First, the Amended Complaint fails because it is an improper shotgun pleading. Second, the Amended Complaint attempts to impose reverse vicarious liability on Mr. Radford for the supposed wrongdoing of his employer,

---

[1] Plaintiffs elected to file a single opposition brief to the separate motions to dismiss from the Driver Defendants [Dkt. No. 39] and Mr. Radford [Dkt. No. 38]. Although both the Driver Defendants and Mr. Radford made similar arguments, their legal positions are nonetheless distinct and, as such, each is filing their own reply brief. Plaintiffs' inability or unwillingness to distinguish between drivers using Uber's software and managers working for Uber is unfortunately emblematic of their approach to pleading in this case and their refusal to recognize that the parties amassed together in this lawsuit are not a homogenous whole.

[2] As set forth in the Driver Defendants' motion, each of the arguments advanced by the Uber corporate defendants apply to Mr. Radford with equal force and counsel in favor of dismissal. Dkt. No. 39 at 3-6. Those arguments are addressed by the Uber Corporate Defendants in a separate reply.

which claim fails as a matter of law.  Third, the Amended Complaint lacks plausible factual allegations that Mr. Radford acted with the intent to injure Plaintiffs.

The Amended Complaint should be dismissed with prejudice.  Plaintiffs had an opportunity to replead their claims and instead chose to rely on vitriol, implausible factual allegations, and legal conclusions.  The Court need not allow Plaintiffs a *third* attempt to state a claim.

## I.     The Amended Complaint is an impermissible shotgun pleading

Federal pleading standards are forgiving but not without boundaries.  Basic fairness requires that a pleading allow individual defendants to discern and respond to the charges leveled against them, a point emphasized by the Eleventh Circuit in its frequent repudiations of shotgun pleadings:

> Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice.  The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard.  Wasting scarce judicial and parajudicial resources impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice.

*Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) (internal quotation omitted).

Here, across 71 paragraphs of allegations, Plaintiffs treat the distinct groups of defendants in this case in some instances as separate actors and in yet other

instances as a unified whole with no apparent rhyme or reason to either approach. That type of shifting framework, one hallmark of a shotgun pleading, is fatal to the Amended Complaint in its entirety. *Figueroa v. JP Morgan Chase Bank, N.A.*, No. 1-09-CV-1874-RWS, 2010 WL 4117032 (N.D. Ga. Oct. 7, 2010) (noting that "The Eleventh Circuit has clearly established that shotgun pleadings are an unacceptable form of establishing a claim for relief" and dismissing with prejudice shotgun pleading allegations).

Indeed, with its host of defendants and unwillingness to clearly distinguish among them, the Amended Complaint is precisely the type of blunt instrument that the Eleventh Circuit has disallowed:

> The complaint is a quintessential "shotgun" pleading of the kind we have condemned repeatedly, beginning at least as early as 1991. It is in no sense the "short and plain statement of the claim" required by Rule 8 of the Federal Rules of Civil Procedure. It is fifty-eight pages long. **It names fourteen defendants, and all defendants are charged in each count. The complaint is replete with allegations that "the defendants" engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.** Each count incorporates by reference the allegations made in a section entitled "General Factual Allegations"—which comprises 146 numbered paragraphs—while also incorporating the allegations of any count or counts that precede it. **The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies.** This type of pleading completely disregards Rule 10(b)'s requirement

> that discrete claims should be plead in separate counts, and is the type of complaint that we have criticized time and again.

*Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (citations omitted) (emphases added).

Plaintiffs' only response to this charge is to copy-and-paste six full pages of the Amended Complaint's allegations back into their response brief. *See* Opp. at 7-13.[3] Blindly reasserting the same imprecise statements, however, does nothing to rescue the Amended Complaint's pleading deficiencies. Indeed, it is telling that Plaintiffs cited no case law in their opposition rebutting the notion that the Amended Complaint is exactly the type of pleading that is subject to dismissal in this Circuit.

It is impossible for Mr. Radford to understand and frame a response to the bulk of the allegations in the Amended Complaint. This is particularly problematic because the Amended Complaint lumps Mr. Radford together with the remainder of the individually-named defendants, all of whom are drivers who use Uber's software to receive requests for transportation services, not Uber employees. Am. Compl. Preamble. Mr. Radford is thus left to guess what conduct is pled to him, to

---

[3] Perplexingly, Plaintiffs also dwelled on the unremarkable elements for a claim of conspiracy, apparently on the mistaken belief that the fact that a conspiracy involves multiple actors allows Plaintiffs to disregard the Federal Rules' obligations for setting forth a claim for relief. *See* Opp. at 5-6.

the drivers, to the corporate entities, or to some combination of the foregoing.

For example, paragraphs 47 and 48 switch freely between "Defendants" and "the Uber Defendants and Defendant Class," leaving it unclear whether the supposed wrongdoing attaches to some or all of the defendants and, in particular, what role Mr. Radford, who is separate and distinct from both the drivers and the corporate entities, played. It is virtually impossible to divine from the Amended Complaint whether each of the many allegations of wrongful conduct ascribed to various parties is truly plead as to Mr. Radford because of Plaintiffs' inconsistent use of their own labels.

While the gravamen of the Amended Complaint seems to be that Uber operates a business and that Mr. Radford, among others, assists in that operation, *see* Am. Compl. ¶ 3 (alleging that "Uber illegally operates as a taxicab business . . ."), in still other places the Amended Complaint claims that "Defendants" wrongfully operate a business. Am. Compl. ¶ 48. These types of incongruities are rampant throughout the Amended Complaint.

Another key feature of a shotgun pleading is the tendency to reincorporate every foregoing paragraph (including prior counts) into each subsequent cause of action, whether those incorporated paragraphs are germane to that claim or not. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006).

Here, that problem pervades the Amended Complaint: Count II reincorporates the entirety of Count I and every preceding factual allegation; Count III reincorporates Counts I and II and all preceding facts; and so on.  Am. Compl. ¶¶ 55, 57, 62, 64 & 68.  The incorporation-within-incorporation results in each claim including the allegations and elements comprising every preceding cause of action, which plainly have no relevance to the actual claim in each count.  That pleading tendency, separate and apart from the issues identified above, warrants dismissal. *See McWhorter v. Miller, Einhouse, Rymer & Bod, Inc.*, No. 6:08-cv-1978-Orl-31KRS, 2009 WL 92846, at *3 (M.D. Fla. Jan. 14, 2009) ("[T]he Court has reviewed the Amended Complaint and *sua sponte* finds it to be a shotgun pleading, comprising a lengthy laundry list of allegations incorporated into each count whether they are relevant or not. . . .  As required by Eleventh Circuit precedent regarding shotgun pleadings, the Amended Complaint will be dismissed in its entirety.").

**II.    The Amended Complaint improperly attempts to assert a claim against Mr. Radford, as an Uber employee, for reverse vicarious liability.**

Mr. Radford, as a mere employee of Uber, Am. Compl. ¶¶ 10, 45, cannot be held liable for his actions performed within the scope of his employment, which would support a finding of wrongdoing only against his employer – Uber.  Far from being, as Plaintiffs characterize it, a "straw man created by imaginative

minds," this pleading failure is a basis to dismiss Mr. Radford entirely.  Opp. at 17.

Plaintiffs argue that Mr. Radford is being held responsible "for his own wrongful conduct," Opp. at 17, yet the Amended Complaint lacks any allegations of wrongful conduct separate and apart from Mr. Radford's employment with Uber.  The Amended Complaint pleads that at all times Mr. Radford was acting within the scope of his employment at the direction of Uber, and within policies developed and implemented by Uber.  *See, e.g.*, Am. Compl. ¶¶ 32 & 37.  The Amended Complaint does not allege any wrongdoing by Mr. Radford separate and apart from his station as the manager of Uber's Atlanta operations.

The two cases that Plaintiffs cite do nothing to rescue their allegations.  Plaintiffs allege that Mr. Radford is liable for "torts in which he has participated or which he has authorized or directed," citing *Coke v. City of Atlanta*, 184 F. Supp. 579 (N.D. Ga. 1960).  *Coke* was a discrimination case, in which an African American man sued the City of Atlanta, a local restaurant, and the manager of that restaurant, for discrimination after he was seated in a segregated portion of the restaurant.  *Id.* at 581.  The manager of the restaurant, among others, moved to dismiss.  While the court recognized that an agent can be held liable for torts which he authorized or directed, it nonetheless *dismissed the manager*, stating

> The liability of the agent of the corporation for individual conduct in his capacity as agent must rest upon the breach of the duty owing to

Page **8** of **13**

> the plaintiff imposed upon him by law as a responsible individual in common with all other members of society. ***He cannot be held personally liable for the breach of a duty which is imposed only upon his principal and upon him merely by virtue of his relation.***

*Id.* at 584 (emphasis added).  The Amended Complaint does not specifically allege that Mr. Radford authorized or directed any tortious conduct.  Thus, if anything, *Coke* is authority for Mr. Radford, who should be dismissed on the same reasoning – *i.e.*, because there are no factual allegations sufficient to find an independent duty owing to the Plaintiffs separate and apart from whatever duty he may have owed as an Uber employee.

Plaintiffs also cite *Jennings v. Smith*, 226 Ga. App. 765, 487 S.E.2d 362 (1997) for the proposition that an officer can be held liable for participation in torts.  There is, however, no allegation in the Amended Complaint that Mr. Radford is an officer of Uber; *Jennings* is thus inapplicable.

By comparison, the cases detailed in Mr. Radford's motion to dismiss are directly on point – they concern attempts by plaintiffs, just as here, to hold an employee of a company liable for following that company's rules and regulations.  *See* Radford Mot. to Dismiss [Dkt. No. 38], at 10-11 (citing, *inter alia*, *Catlett v. Wyeth, Inc.*, 379 F. Supp. 2d 1374, 1382 (M.D. Ga. 2004)).[4]  There is no basis in

---

[4] Plaintiffs' attempt to distinguish *Catlett* is unavailing.  The defendants there had been operating in conformity with the policies and procedures of their employer.

law, or the facts of the Amended Complaint, to support such a claim.  The Court should dismiss the claims against Mr. Radford.

### III. The Amended Complaint lacks plausible allegations that Mr. Radford acted with the intent to injure

Plaintiffs continue to assert that Mr. Radford, who is Uber's manager in Atlanta, acted with the *intent* to injure Plaintiffs and the class they purport to represent.  The Amended Complaint, however, is bereft of any plausible *factual* allegations of such intent, a necessary element of establishing maliciousness under Count I for conspiracy and tortious interference.

Plaintiffs claim that the paragraphs of the Amended Complaint re-pasted into their opposition brief "more than establish . . . Mr. Radford's knowledge that [he is] taking business from taxicabs inside the city limits."  Opp. at 15.  That conclusory statement is demonstrably false.  The paragraphs ostensibly relating to malicious intent only contain factual allegations as to the corporate entities and these allegations are likewise not plausible.  *See* Am. Compl. ¶¶ 40, 42, 46.  There is no plausible allegation that Mr. Radford acted with the *intent* to injure Plaintiffs.  Indeed, merely pleading that Mr. Radford oversees Uber's operations or

---

The court held that the agents could not be held liable for the alleged torts of the principal – their employer.  *Catlett*, 379 F. Supp. 2d at 1381.  Plaintiffs also made no attempt to distinguish *Leal v. Hobbs*, 245 Ga. App. 443, 444-45, 538 S.E.2d 89, 91 (2000), discussed in detail in Mr. Radford's motion.

"manages" drivers who offered transportation services in Atlanta does not allow even an inference of malicious intent with respect to lessees and owners of CPNC licenses.

The only portions of the Amended Complaint that even remotely support a finding of malice are those based on conclusory statements or legal conclusions. For example, paragraph 40 simply declares that the "Defendant Class," which includes Mr. Radford as well as independent contractor drivers, somehow "knew" that operating a "metered limousine or vehicle for hire was not regulated by the state in the City of Atlanta without a license or CPNC is/was illegal but chose to knowingly violate these legal requirements."  The paragraphs that Plaintiffs repeat in their opposition only parrot the elements of their claim without establishing any of the necessary factual predicate for those elements.  *See* Am. Compl. ¶¶ 40, 44, 46, 47-54.  Such allegations are afforded no deference in this Circuit and cannot substitute for Plaintiffs' actual pleading obligations.  *See Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

For all of its verbosity, the Amended Complaint lacks any cogent factual allegations from which to conclude that Mr. Radford acted with the intent to injure, which is key to proving maliciousness.  In the absence of such allegations, Count I for tortious interference and civil conspiracy fails as a matter of law.  *Culpepper v.*

*Thompson*, 254 Ga. App. 569, 572, 562 S.E.2d 837, 841 (2002) (dismissing tortious interference claim for lack of malice because defendant "merely carried out the unanimous will of the board without the intent to injure" the plaintiff); *Renden, Inc. v. Liberty Real Estate Ltd. P'ship III*, 213 Ga. App. 333, 335, 444 S.E.2d 814, 817 (1994) (dismissing tortious interference claim for failure to establish "malice with intent to injure").

**IV.    The Court should not grant Plaintiffs' leave to amend yet again.**

Uber removed this case to this Court on October 1, 2014.  Dkt. No. 1.  In response to the original state court pleading, Mr. Radford filed a motion to dismiss that challenged the original Complaint on, among others, the grounds that it was a shotgun pleading.  Dkt. No. 17.  In response to that (and two other motions to dismiss filed), Plaintiffs filed the Amended Complaint, which was specifically drafted for federal court.  Dkt. No. 29.

Despite being on notice of the improper failure of the original complaint to distinguish between defendants, the Amended Complaint emphasized quantity over quality.  The Amended Complaint did not resolve the pleading deficiencies originally identified, it simply tried to mask them with paragraph after paragraph of hyperbole.

Plaintiffs already had their second bite at the proverbial apple.  They have

Page **12** of **13**

advanced no reason why they should be permitted to plead yet again. *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (cautioning that courts should deny leave to amend where there has been "failure to cure deficiencies by amendments previously allowed" and where the amendment "would be futile"). The Court should dismiss the Amended Complaint with prejudice. *See Figueroa*, 2010 WL 4117032, at *3 (dismissing with prejudice shotgun pleading allegations in an amended pleading).

    Respectfully submitted, this 2nd day of February, 2015.

                                      By  /s/ Michael W. Tyler
                                            Michael W. Tyler

Michael W. Tyler (GA Bar No. 721152)
   mtyler@kilpatricktownsend.com
John P. Jett (GA Bar No. 827033)
   jjett@kilpatricktownsend.com
Ross D. Andre (GA Bar No. 280210)
   randre@kilpatricktownsend.com
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:   (404) 815-6555

Counsel for Keith Radford

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated:  February 2, 2015.

/s/ Michael W. Tyler
Michael W. Tyler

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2015, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to counsel for Plaintiffs:

> William A. Pannell
> WILLIAM A. PANNELL, P.C.
> 433 Chateau Drive, NW
> Atlanta, GA 30305

I further certify that on February 2, 2015, I served a copy of the foregoing to counsel for Plaintiffs by depositing a copy in the U.S. Mail, first class postage prepaid, addressed as follows:

> Keith E. Fryer
> FRYER, SHUSTER & LESTER, PC
> 1050 Crown Pointe Parkway, Suite 410
> Atlanta, GA 30338

/s/ Michael W. Tyler
Michael W. Tyler
