# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Scott McCandliss, Dmidriy Abramyan, Abdikadir Ahmed, Ahmed Katun Ahmed, Ahmed Hassan, Ben Stewart Rountree, Faheem Iqbal Qureshi, Anthony D. Logan, Mohammed Abdulle, Hamoud S. Aldahbali, Jamal Abdi, Abdilahi Awale, and Mohamed A. Hussein, <br><br>      Plaintiffs, <br><br>  v. <br><br> Uber Technologies, Inc., Uber Technologies (GA), Inc., Rasier LLC, Keith Radford, Ahmed Simjee, Joshua Gantt, Leslie Gilmartin, Brian Giquel, Christopher Bosak, Christopher Johnson, Kevin Buttimer, Daniel Anderson, John Stettner, Rachel Pietrocola, Josh Varcoe, Fabian Fernandez, Aminur Choudhury, Seid Shek, Abebe Tesfaye, Samuel Worku, Jean Richard Pierre, Alexander Agbaere, Ayodele Okpodu, and Belay Dagnew, <br><br>      Defendants. | CIVIL ACTION NO. 1:14-CV-03275-WSD |

## NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANTS' MOTIONS TO DISMISS

1

Defendants Uber Technologies, Inc., Uber Technologies (GA), Inc., Rasier LLC, Keith Radford, Ahmed Simjee, Joshua Gantt, Brian Giquel, Christopher Bosak, Christopher Johnson, Kevin Buttimer, John Stettner, Rachel Pietrocola, Josh Varcoe, Fabian Fernandez, Aminur Choudhury, Seid Shek, Abebe Tesfaye, Samuel Worku, Jean Richard Pierre, Alexeander Agbaere, Ayodele Okpodu, and Belay Dagnew (collectively, "Defendants") respectfully submit this notice of supplemental authority in support of their Motions to Dismiss [Dkt. Nos. 38, 39, 40].

On May 6, 2015, the Governor of Georgia signed legislation that moots several claims in Plaintiffs' Amended Complaint. The legislation creates new regulatory classifications called a "transportation network company" and a "ride share network service" that use "a digital network" to connect passengers with third-party transportation providers. H.B. 190, 2015 Leg. (Ga. 2015), *amending* O.C.G.A. § 33-1-24(a)(2) (defining transportation network company) (attached as Exhibit A); H.B. 225, 2015 Leg. (Ga. 2015), *amending* § 40-1-190(4) (defining ride share network service) (attached as Exhibit B). The legislation permits these types of companies to operate as long as they adhere to certain requirements related to, for example, insurance and background checks. H.B. 190, 2015 Leg. (Ga. 2015), *amending* § 33-1-24(b), (c) (insurance requirements); H.B. 225, 2015

Leg. (Ga. 2015), *amending* §§ 40-1-192(d)(5), 40-1-193(c)(2) (background check requirements).

This legislation is relevant to at least two of Defendants' arguments in their motions to dismiss.  First, the legislation specifically authorizes transportation network companies and ride share network services to operate in Georgia, which eliminates the possibility of Plaintiffs alleging that the Defendants' conduct is wrongful or improper, a necessary element of Plaintiffs' tortious interference claim.[1]  *See* Dkt. No. 40-1 at 11–14.  Second, the legislation removes any basis for obtaining prospective injunctive relief, as Plaintiffs cannot identify any legal grounds for enjoining Defendant Rasier LLC, a subsidiary of Uber, from operating as a transportation network company and/or ride share network service under the new legislation.[2]  *See id.* at 18–21.  Third, regarding the Defendants' liability for

---

[1] For the time frame before the legislation was enacted, all the arguments in Defendants' Motions to Dismiss still apply.  Further, the fact that the Georgia General Assembly passed this new legislation establishes that the preexisting regulatory structure was inadequate to address these new business models, and therefore those outdated regulations cannot be the basis for the wrongful or improper conduct needed to allege a tortious interference claim. *Greater Houston Transp. Co. v. Uber Technologies, Inc.*, No. CIV.A. 4:14-0941, 2015 WL 1034254, at *19 (S.D. Tex. Mar. 10, 2015) (holding that alleged violation of taxicab ordinances cannot be basis for tortious interference claim).

[2] For the same reason, there is no basis for Plaintiffs to secure injunctive relief against any of the individually named Defendants.  *See* H.B. 225, 2015 Leg. (Ga. 2015), *amending* O.C.G.A. § 40-1-190 (defining, *e.g.*, "Ride Share Driver").

3

damages, at a minimum the new legislation should preclude any damages based on conduct that occurs after House Bill 225 takes effect on July 1, 2015.  H.B. 225, 2015 Leg. (Ga. 2015), at § 8 (Exhibit B at p. 20).

In addition, after the parties finished briefing the Defendants' Motions to Dismiss, a federal court in the Southern District of Texas dismissed a tortious interference claim against Uber that is virtually identical to the one Plaintiffs assert here.  *Greater Houston Transp. Co. v. Uber Technologies, Inc.*, No. CIV.A. 4:14-0941, 2015 WL 1034254, at *19 (S.D. Tex. Mar. 10, 2015) (attached as Exhibit C). The court dismissed the tortious interference claim because Plaintiffs failed to plead that the interference was intentional, *id.* (holding "Plaintiffs fail to adequately plead that any interference was intentional"), which Plaintiffs here have failed to plead as well, *Meadow Springs, LLC v. IH Riverdale, LLC*, 323 Ga. App. 478, 480 (2013) (stating claim requires "purposeful[] and malicious[] [conduct] with the intent to injure).  The court also dismissed the tortious interference claim because "alleged violations of Houston and San Antonio ordinances are not actionable" under that cause of action, 2015 WL 1034254, at *19, an argument that Defendants have already raised here, Dkt. No. 40-1, at 18–21.

Defendants respectfully request that the Court consider this new legislation and additional case law in ruling on the Defendants' pending Motions to Dismiss.

Respectfully submitted, this 20th day of May, 2015.


                                    By  /s/ Michael W. Tyler
                                        Michael W. Tyler

Michael W. Tyler (GA Bar No. 721152)
   mtyler@kilpatricktownsend.com
John P. Jett (GA Bar No. 827033)
   jjett@kilpatricktownsend.com
Ross D. Andre (GA Bar No. 280210)
   randre@kilpatricktownsend.com
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Stephen A. Swedlow (*pro hac vice*)
   stephenswedlow@quinnemanuel.com
Amit B. Patel (*pro hac vice*)
   amitbpatel@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

Arthur M. Roberts (*pro hac vice*)
   arthurroberts@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated:  May 20, 2015.

/s/ Michael W. Tyler
Michael W. Tyler

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2015, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to counsel for Plaintiffs:

>William A. Pannell
>WILLIAM A. PANNELL, P.C.
>433 Chateau Drive, NW
>Atlanta, GA 30305

I further certify that on May 20, 2015, I served a copy of the foregoing to counsel for Plaintiffs by depositing a copy in the U.S. Mail, first class postage prepaid, addressed as follows:

>Keith E. Fryer
>FRYER, SHUSTER & LESTER, PC
>1050 Crown Pointe Parkway, Suite 410
>Atlanta, GA 30338

>/s/ Michael W. Tyler
>Michael W. Tyler