## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTT MCCANDLISS, | ) | |
| DMIDRIY ABRAMYAN, ABDIKADIR | ) | |
| AHMED, AHMED KATUN AHMED, | ) | |
| AHMED HASSAN, BEN STEWART | ) | |
| ROUNTREE, FAHEEM IQBAL | ) | |
| QURESHI, ANTHONY D. LOGAN, | ) | Civil Action File No. |
| MOHAMED ABDULLE, HAMOUD S. | ) | 1:14-03275-WSD |
| ALDAHBALI, JAMAL ABDI, ABDILAHI | ) | |
| AWALE, MOHAMED A. HUSSEIN | ) | CLASS ACTION |
| and all others similarly situated, | ) | |
|     Plaintiffs. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
| RASIER, LLC and | ) | |
| KEITH RADFORD, AHMED SIMJEE, | ) | |
| JOSHUA GANTT, LESLIE GILMARTIN | ) | |
| BRIAN GIQUEL, CHRISTOPHER BOSAK, | ) | |
| CHRISTOPHER JOHNSON, KEVIN | ) | |
| BUTTIMER, DANIEL ANDERSON, JOHN | ) | |
| STETTNER, RACHEL PIETROCOLA, | ) | |
| JOSH VARCOE, FABIAN FERNANDEZ, | ) | |
| AMINUR CHOUDHURY, SEID SHEK, | ) | |
| ABEBE TESFAYE, SAMUEL WORKU, | ) | |
| JEAN RICHARD PIERRE, ALEXANDER | ) | |
| AGBAERE, AYODELE OKPODU, | ) | |
| BELAY DAGNEW, individually and | ) | |
| all others similarly situated, | ) | |
|     Defendants. | ) | |

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO REMAND

With Court permission [Doc. 50], Plaintiffs supplement their Motion to Remand [Doc. 6] and supporting briefs and submissions as follows:

    1.  This Court should ABSTAIN from this action involving only local issues and state laws including new Georgia laws recently passed and new Atlanta Taxi Ordinances now being considered.

The Defendants recently submitted *Greater Houston Transp. Co., v Uber Technologies, Inc. and Lyft, Inc.,* No. 4:140941, 2015 WL 1034254 (S.D.Tex. Mar. 10, 2015)  [Doc. 47-3] for the Court's consideration.[1]  Interestingly, even though plaintiffs brought federal claims and had filed their complaint in federal court, both Uber and Lyft argued that the Texas District Court should, under *Burford*[2] abstention, decline to exercise jurisdiction over that state lawsuit.  See, *Greater Houston,*  Sec. VII [Doc. 47-3, p. 16].  Attached as Exhibits A, B and C are portions of the briefs submitted by Uber (using the same lawyers as here) and Lyft asking the court to abstain. [Doc. 52-1, 52-2, 52-3].

This action, originally filed in the Superior Court of Fulton County, meets the standards the Supreme Court set forth in summarizing the *Burford* abstention

---

[1] The Uber Defendants also submitted the new Georgia laws which are going into effect.  [Doc. 47-1, 47-2]

[2] *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943)

doctrine and the Uber Defendants should agree since this case meets and exceeds all of the criteria they argued in Texas.

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans,* 491 U.S. 350, 361 (1989)  *"NOPSI*" (*quoting Colorado River Water Conservation Dist. v. United States,* 424 U .S. 800, 814 (1976)).

This case certainly meets both requirements the Supreme Court expressed in *NOPSI.* Interpreting new and old laws and ordinances should be left to the Georgia state courts including Georgia appellate courts to establish clear policies for the vehicle for hire industry in Atlanta and Georgia. No better forum exists than the Fulton Superior Court to begin this process. It is the court where appeals are filed from Georgia administrative agencies and City of Atlanta courts.

Courts have differed on the criteria/factors used to analyze whether abstention should be exercised. Some factors used simply do not apply to this case while the common factors all point to abstention in a purely local case under local

laws. Meeting all the factors is not a requirement. The factors are simply used to further analyze whether to apply *Burford*. There is no question that federal courts are much more likely to abstain where no issue of federal law exists as here.

The Fifth Circuit has identified the following five factors to determine whether *Burford* abstention is appropriate:  "(1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review." *Wilson v. Valley Elec. Membership Corp.*, 8 F.3d 311, 314 (5th Cir. 1993). The Defendants argued in Texas that the case met all of these requirements. [Doc. 52-1] They are certainly met and exceeded in this case concerning thousands of Georgia Plaintiffs and a Defendant Class which may number in the thousands of which all are Georgia residents.

In *Coin Call, Inc. v. Southern Bell Tel. & Tel. Co., Inc*., 636 F.Supp. 608 (1986), Judge Shoob identified factors to be considered in granting a request to abstain. Those factors are: (1) whether the subject matter of the lawsuit is an area of peculiarly local concern; (2) whether the lawsuit is controlled by a complex administrative scheme supervised by an expert agency; (3) whether the federal issues in the case can be separated from questions of state law; (4) whether the

state has confined review of the pertinent issues to a specialized forum; and (5)

whether the statutory grant of federal jurisdiction ensures a federal forum.  Id. at

611.

The applicable factors from *Coin Call* point to remanding this case to the

Fulton Superior Court.  That court found it persuasive that the case involved state

trade regulations and statutes much less city ordinances. Id. at 612. The new state

law is to be administered by the Georgia Department of Public Safety.  The

changes proposed to Atlanta Ordinances substitutes the Atlanta Police Department

for the former Bureau of Taxicabs and Vehicles for Hire.[3] An appeal from these

forums would be in Fulton Superior Court. There is enough confusion at present

regarding administration and enforcement without involvement of the federal

courts. *Comity* should be afforded to the state to establish its local policies.

 In New Jersey, at least two district courts applied a slightly different

analysis.

> Under *Burford*, the Court undertakes a two-step analysis. "The first
> question [when considering *Burford* abstention] is whether 'timely and
> adequate state-court review' is available." *Riley v. Simmons*, 45 F.3d 764,
> 771 (3d Cir. 1995) (citing *New Orleans Public Service, Inc. v. Council of
> City of New Orleans*, 491 U.S. 350, 361, 109 S. Ct. 2506, 105 L. Ed. 2d 298
> (1989)("*NOPSI*")). The second prong of the *Burford* doctrine, as refined in
> *NOPSI*, requires a court to examine three issues: "(1) whether the particular

---

[3] Plaintiffs submit the proposed changes to the Atlanta Ordinances as Exhibit D,
[Doc. 52-4]

regulatory scheme involves a matter of substantial public concern, (2) whether it is 'the sort of complex, technical regulatory scheme to which the Burford abstention doctrine usually is applied,' and (3) whether federal review of a party's claims would interfere with the state's efforts to establish and maintain a coherent regulatory policy." *Chiropractic Am. v. Lavecchia,* 180 F.3d 99, 105 (3d Cir. 1999) (internal citation omitted). "Federal courts more readily abstain from a case that contains no issue of federal law."*Lac D'Amiante du Quebec, Ltee v. Am. Home Assur. Co.,* 864 F.2d 1033, 1044 (3d Cir.  1988).

*Beye v. Horizon Blue Cross Blue Shield*, 568 F. Supp. 2d 556 (2008) quoting *Devita v. Aetna*, 536 F. Supp. 2d 523, 527-28 (D.N.J. 2008).

Applying these standards, there is certainly timely and adequate state court review available. There has been substantial controversy over Uber and other ride shares in Atlanta. The regulatory schemes which were in place and are now changed at both the state and city level is and was "complex and technical".  There is simply no need for federal court interference. Interpretations of issues in this case will certainly have a confusing effect on the state's and city's policies for the 'vehicle for hire' industry if not consistent with the state's forums.

In 2007, Judge Thrash considered factors from a Virginia District Court:

> In applying Burford, a court should consider the following factors: (1) the federal importance of the constitutional challenge; (2) "the 'intricacy' and importance of the state's regulatory scheme"; (3) whether the state has created a centralized system of judicial review allowing its courts to develop expertise in interpreting the scheme and the industry; (4) the speed and adequacy of state court review; and (5) the likelihood of "[d]elay, misunderstanding of local law, and needless federal conflict with the state policy." *Goodhart v. Board of Visitors of University of Virginia*, 451 F.Supp.2d 804, 807-

08 (W.D.Va.2006) (quoting NOPSI, 491 U.S. at 360).

*Moore, ex rel. Moore v. Medows*, (2007) 2007 WL 1876017, Civil Action File No. 1:07-CV-631-TWT. (Not Reported in F.Supp.2d).  Although these factors don't quite match up with this case, Georgia courts can expediently and clearly establish rules from the case at hand which will apply to the 'vehicle for hire' industry.

Abstention is clearly called for here due to the existence of new laws passed by the State of Georgia. As this pleading is filed, the Atlanta City Council is to consider amendments to the ordinances regarding vehicles for hire at its regular meeting on June 15, 2015.  See, Exhibit D, [Doc. 52-4].  It appears that the "Bureau" which oversees compliance will no longer exist. Defendants have argued in their previous motions to dismiss that this Bureau needs to interpret ordinances, not this court and that the new law could extinguish some if not all of Plaintiffs' claims.  Local forums should now address unresolved issues in this case arising under ordinances which are no longer in effect as well as new ones.

2.  Remand is warranted here as the subject matter is purely local and the only out of state Defendants voluntarily subjected themselves to local jurisdiction.

As previously established, this class action involves legal issues which are entirely local and is among parties and potential class members of which over 99.5% are from the State of Georgia. Over 99.7% of potential Defendants are

from Georgia. The only two Defendants from out of state (Uber and Rasier) registered to do business in Georgia (voluntarily subjecting themselves to state court jurisdiction) and urged the Texas District Court to abstain. This is certainly a "local controversy" that Congress intended to exclude from CAFA. It serves no purpose of CAFA to retain this controversy in federal court. *Comity* and respect for Georgia, its state courts and administrative bodies should be afforded.

"[A]bstention is appropriate whether jurisdiction is premised on diversity jurisdiction or otherwise, if the federal courts should, consistent with our federal system, afford comity to state governments in carrying out their domestic policy." *Sierra Club v. City of San Antonio*, 112 F.3d 789, 795 (5th Circuit).

## CONCLUSION

Plaintiffs respectfully request this Court to *abstain* and remand this case to the Superior Court of Fulton County. The criteria under *Burford* has been more than satisfied. There are only state laws and local ordinances involved which require expedient interpretation by Georgia's own judicial system. Interference on any federal level is not warranted.

Respectfully submitted this 15th day of June, 2015.

*/s/ William A. Pannell*
William A. Pannell
Georgia Bar No. 561025
WILLIAM A. PANNELL, P.C.
433 Chateau Drive, NW
Atlanta, Georgia 30305
TEL (404) 353-2283
FAX (404)237-2384

Keith E. Fryer
Georgia Bar No. 279037
FRYER, SHUSTER & LESTER, PC
1050 Crown Pointe Parkway, Suite 410
Atlanta, GA 30338-7701
TEL (770) 668-9300
FAX (770) 668-9465
Of Counsel

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated:  June 15, 2015.

*/s/  William A. Pannell*
William A. Pannell

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2015, I filed a copy of the foregoing

document using the Court's ECF/CM system, which will automatically send notice

of such filing to counsel for Defendants:

Michael W. Tyler (GA Bar No. 721152)
mtyler@kilpatricktownsend.com
John P. Jett (GA Bar No. 827033)
jjett@kilpatricktownsend.com
Ross D. Andre (GA Bar No. 280210)
randre@kilpatricktownsend.com
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Stephen A. Swedlow
stephenswedlow@quinnemanuel.com
Amit B. Patel
amitbpatel@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Arthur M. Roberts
arthurroberts@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Dated:  June 15, 2015.

*/s/  William A. Pannell*
William A. Pannell