# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Scott McCandliss, Dmidriy Abramyan, Abdikadir Ahmed, Ahmed Katun Ahmed, Ahmed Hassan, Ben Stewart Rountree, Faheem Iqbal Qureshi, Anthony D. Logan, Mohammed Abdulle, Hamoud S. Aldahbali, Jamal Abdi, Abdilahi Awale, and Mohamed A. Hussein,

              Plaintiffs,

      v.

Uber Technologies, Inc., Inc., Rasier LLC, Keith Radford, Ahmed Simjee, Joshua Gantt, Leslie Gilmartin, Brian Giquel, Christopher Bosak, Christopher Johnson, Kevin Buttimer, Daniel Anderson, John Stettner, Rachel Pietrocola, Josh Varcoe, Fabian Fernandez, Aminur Choudhury, Seid Shek, Abebe Tesfaye, Samuel Worku, Jean Richard Pierre, Alexander Agbaere, Ayodele Okpodu, and Belay Dagnew,

              Defendants.

**OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO REMAND**

CIVIL ACTION NO. 1:14-CV-03275-WSD

**INTRODUCTION**

Plaintiffs' Motion to Remand should be denied and nothing in Plaintiffs' Supplemental Brief changes that.  As explained earlier, Plaintiffs' Complaint meets every requirement for federal jurisdiction under the Class Action Fairness Act of 2005.  28 U.S.C. § 1332(d) ("CAFA").  Moreover, the "local controversy" exception to CAFA jurisdiction does not apply because Plaintiffs do not seek significant or meaningful relief from the local driver defendants in this case.

Plaintiffs' Supplemental Brief fails to even address these fatal flaws in their Motion to Remand, let alone rebut them.  Instead, all but abandoning their original arguments on these jurisdictional issues, Plaintiffs argue for the first time that this Court should *abstain* from exercising its jurisdiction under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).  *See* Dkt No. 52 ("Supp. Brief") at 2.  Not only is Plaintiffs' *Burford* abstention argument not properly before the Court, this argument is irrelevant to the actual question at hand—whether this Court has jurisdiction under CAFA.  In fact, if anything, Plaintiffs' argument that this Court should *abstain* from exercising its jurisdiction is a concession that this Court does in fact *have jurisdiction* in the first instance.  For these reasons, the Court should still deny Plaintiffs' Motion to Remand.

# ARGUMENT

## I.   PLAINTIFFS' *BURFORD* ABSTENTION ARGUMENTS ARE NOT PROPERLY BEFORE THE COURT

Plaintiffs' *Burford* abstention arguments are not properly before the Court. Plaintiffs were given leave to brief the effect of new Georgia legislation on the CAFA "local controversy" argument presented in their Motion to Remand.  *See* Dkt No. 49 at 16 (transcript of May 29, 2015 Status Conference, where Plaintiffs represented that "everything else about this case just reflects that it really is a local controversy, which we strongly feel that CAFA doesn't need to be -- and federal courts don't need to be interpreting this new statute," and the Court granted Plaintiffs leave, "in light of the new legislation . . . to supplement [their] briefing on that" issue).  Plaintiffs were never given leave to address *Burford* abstention—a wholly separate and irrelevant doctrine that was not raised in Plaintiffs' Motion to Remand.  *See* Dkt No. 6 ("Mot.").  The Court should disregard Plaintiffs' *Burford* abstention argument for this reason alone.[1]

---

[1]   To the extent that the Court does consider this argument on the merits, Uber notes that "*Burford* abstention represents an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Siegel v. LePore*, 234 F.3d 1163, 1173 (11th Cir. 2000) (internal quotations omitted); *see also Moore, ex rel. Moore v. Medows*, No. CIVA 107-CV-631-TWT, 2007 WL 1876017, at *5 (N.D. Ga. June 28, 2007) (noting "the Eleventh Circuit has consistently declined to order *Burford* abstention").  Further,

## II.   PLAINTIFFS' ARGUMENTS ARE IRRELEVANT TO THEIR MOTION TO REMAND BECAUSE THIS COURT HAS CAFA JURISDICTION

Moreover, Plaintiffs' *Burford* abstention arguments are irrelevant to the actual question before the Court—whether the Court has CAFA jurisdiction over Plaintiffs' proposed class action.  As discussed above, Plaintiffs nowhere mentioned *Burford* abstention in their Motion to Remand.  *See* Mot. at 2-12. Instead, Plaintiffs said that "Plaintiffs rely upon 28 U.S.C. § 1332(d)(4)(A) [CAFA's "local controversy" exception] in requesting that this class action be remanded to state court since over two-thirds of the Plaintiff class members are from Georgia." *Id*. at 6.  In their Opposition to Plaintiffs' Motion to Remand, Defendants explained that Plaintiffs had failed to satisfy their burden with respect

---

the fact that Uber argued in favor of *Burford* abstention in *Greater Houston Transp. Co. v. Uber Technologies, Inc.*, No. CIV.A. 4:14-0941, 2015 WL 1034254 (S.D. Tex. Mar. 10, 2015) has no bearing on the appropriateness of remand in this case. The court in *Greater Houston* held that *Burford* abstention was not appropriate, *id.* at *22, a holding that directly contradicts Plaintiffs' position here.  Further, Plaintiffs fail to offer *a single example* of a "difficult question of state law" this Court will have to address in adjudicating their claims, which provides additional grounds for rejecting their *Burford* argument.  *See Lamar Co., LLC v. City of Stuart, Fla.*, No. 08-14267-CIV, 2009 WL 690629, at *4 (S.D. Fla. Mar. 16, 2009) (refusing to abstain under *Burford* because "[d]efendant fail[ed] to explain in any detail which complex, unsettled state law questions the Court will be forced to address in deciding this case").

to the "local controversy" exception because Plaintiffs do not seek significant relief from any local defendant.  *See* Dkt No. 27 at 14-22.[2]

Almost as a side note in their Supplemental Brief, Plaintiffs again baselessly state that "this is certainly a 'local controversy' that Congress intended to exclude from CAFA."  Supp. Brief at 8.  Yet, nothing in their brief addresses the fatal defects in this argument that Uber has already pointed out, or, indeed, has *any relevance* to the "local controversy" exception.

First, Plaintiffs allege that over 99% of potential class members would be from Georgia.  *See* Supp. Brief at 7-8.  But Plaintiffs admit that Uber and Rasier— the only named defendants from whom significant or meaningful relief is sought— are not Georgia citizens, *id.* at 8, and the citizenship of the unnamed, putative class members is irrelevant for the purposes of the local controversy exception, *see Quicken Loans Inc. v. Alig*, 737 F.3d 960, 966 (4th Cir. 2013) (holding that "because the class of unnamed defendant[s] . . . is not a party to this lawsuit, it was improper for the district court to consider them in deciding whether Plaintiffs had satisfied the 'at least 1 defendant' requisite of the local controversy exception").

---

[2]   Uber incorporates by reference all of the arguments made in Defendants' original Opposition to Plaintiffs' Motion to Remand, Dkt No. 27.  All Defendants join in this Opposition.

Second, Plaintiffs argue that Uber and Rasier "registered to do business in Georgia (voluntarily subjecting themselves to state court jurisdiction)." Supp. Brief at 8. It is unclear how this is meant to support Plaintiffs' position that the local controversy exception applies. The "local controversy" exception requires that a defendant "from whom significant relief is sought" and "whose alleged conduct forms a significant basis for the claims" is "a *citizen* of the State in which the action was originally filed." 28 U.S.C.A. § 1332(d)(4)(A) (emphasis added). Uber's citizenship is determined by its state of incorporation and its principal place of business, 28 U.S.C.A. § 1332(c)(1), not the fact that it has "registered to do business in Georgia," Supp. Brief at 8.

Finally, Plaintiffs also appear to argue that the "local controversy" exception should apply for the same reasons that the Court should abstain out of "*comity* and respect for Georgia." *See* Supp. Brief at 8. But as discussed below, this "argument confuses lack of jurisdiction with abstention." *Old Atlanta Rd., LLC v. Specialized Loan Servicing, LLC*, No. 2:14-CV-00135-RWS, 2014 WL 7799992, at *4 (N.D. Ga. Dec. 12, 2014) *report and recommendation adopted,* No. 2:14-CV-0135-RWS, 2015 WL 576682 (N.D. Ga. Feb. 11, 2015) (refusing to abstain under *Burford*, rejecting argument that federal court with jurisdiction over a claim should abstain from hearing it simply because it deals with certain state laws).

Congress expressly gave the District Courts jurisdiction over Plaintiffs' proposed class action under CAFA. *See* 28 U.S.C. § 1332(d). Having failed to satisfy the requirements for that law's "local controversy" exception, Plaintiffs effectively request that this Court read into CAFA an additional exception based on vague notions of "comity." *See* Supp. Brief at 8 (arguing that "[i]t serves no purpose of CAFA to retain this controversy in federal court. *Comity* and respect for Georgia . . . should be afforded"). But Congress made no mention of these considerations when it gave federal courts CAFA jurisdiction, and thus this Court should not abdicate its jurisdiction on these grounds. *See Coll. Park Holdings, LLC v. Racetrac Petroleum, Inc.*, 239 F. Supp. 2d 1322, 1329 (N.D. Ga. 2002) (rejecting request to "wield the tool[] of *Burford* abstention . . . to surrender its statutorily imposed duty to entertain and decide this action" because that would "do injustice to the long-standing principle that courts of the United States have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given") (internal quotations omitted). In sum, none of Plaintiffs' arguments support remand under the "local controversy" exception.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' motion for remand and retain jurisdiction over this action.

Respectfully submitted, this 29th day of June, 2015.

By   /s/ Stephen A. Swedlow
       Stephen A. Swedlow

Stephen A. Swedlow (*pro hac vice* pending)
   stephenswedlow@quinnemanuel.com
Amit B. Patel (*pro hac vice* pending)
   amitbpatel@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone:   (312) 705-7400
Facsimile:    (312) 705-7401

Arthur M. Roberts (*pro hac vice* pending)
   arthurroberts@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Counsel for Uber Technologies, Inc.

By   /s/ Michael W. Tyler
      Michael W. Tyler

Michael W. Tyler (GA Bar No. 721152)
   mtyler@kilpatricktownsend.com
John P. Jett (GA Bar No. 827033)
   jjett@kilpatricktownsend.com
Ross D. Andre (GA Bar No. 280210)
   randre@kilpatricktownsend.com
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309

Telephone:  (404) 815-6500
Facsimile:   (404) 815-6555

Counsel for the Driver Defendants and Keith Radford

<u>LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated:  June 29, 2015.

<u>/s/ Stephen A. Swedlow</u>
Stephen A. Swedlow

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2015, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to counsel for Plaintiffs:

> William A. Pannell
> WILLIAM A. PANNELL, P.C.
> 433 Chateau Drive, NW
> Atlanta, GA 30305

I further certify that on June 29, 2015, I served a copy of the foregoing to counsel for Plaintiffs by depositing a copy in the U.S. Mail, first class postage prepaid, addressed as follows:

> Keith E. Fryer
> FRYER, SHUSTER & LESTER, PC
> 1050 Crown Pointe Parkway, Suite 410
> Atlanta, GA 30338

/s/ Stephen A. Swedlow
Stephen A. Swedlow
