# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SCOTT MCCANDLISS, DMIDRIY ABRAMYAN, ABDIKADIR AHMED, AHMED KATUN AHMED, AHMED HASSAN, BEN STEWART ROUNTREE, FAHEEM IQBAL QURESHI, ANTHONY D. LOGAN, MOHAMED ABDULLE, HAMOUD S. ALDAHBALI, JAMAL ABDI, ABDILAHI AWALE, MOHAMED A. HUSSEIN and all others similarly situated,<br>　　Plaintiffs.<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC and KEITH RADFORD, AHMED SIMJEE, JOSHUA GANTT, LESLIE GILMARTIN BRIAN GIQUEL, CHRISTOPHER BOSAK, CHRISTOPHER JOHNSON, KEVIN BUTTIMER, DANIEL ANDERSON, JOHN STETTNER, RACHEL PIETROCOLA, JOSH VARCOE, FABIAN FERNANDEZ, AMINUR CHOUDHURY, SEID SHEK, ABEBE TESFAYE, SAMUEL WORKU, JEAN RICHARD PIERRE, ALEXANDER AGBAERE, AYODELE OKPODU, BELAY DAGNEW, individually and all others similarly situated,<br>　　Defendants. | Civil Action File No.<br>1:14-03275-WSD<br><br>CLASS ACTION |

### PLAINTIFFS' REPLY TO OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO REMAND

1

Plaintiffs briefly Reply to Defendants' Opposition [Doc.57] as follows:

First, Plaintiffs have not abandoned a single argument raised, briefed and supported by their Motion to Remand as Defendants falsely state in Doc. 57. Defendants totally misrepresent the purpose and arguments raised in Plaintiffs' supplement. Apparently, Defendants seem to think if they continue to scream loud insults, the Court will find in their favor. As the great Roman orator Cicero once said, "When all else fails, abuse the plaintiffs or their lawyers".

Plaintiffs' complaint filed in the Superior Court of Fulton County did not and does not meet the minimum requirements of 28 U.S.C. §1332 (d) ("CAFA") if at all.  In fact, it was Defendant that offered evidence regarding the amount in controversy. Plaintiffs have offered none.  More importantly, Plaintiffs sought then and seek now "significant and meaningful relief" from the Class of Defendant Drivers and Managers of Uber and Rasier. They are jointly and severally liable under Plaintiffs claims of conspiracy. Moreover, Uber and Rasier will most certainly argue that the thousands of drivers which may be in the Defendant Class are *independent contractors* and try to escape from paying approximately 75% of the illegal fares collected as damages since Uber only retains 25%. As shown by documents submitted to support their contention that over $5 million is in controversy that will be a sizeable amount owed by the Defendant Class and


certainly meaningful and significant in satisfaction of the local controversy exception. Defendants' continually opine about technical requirements of CAFA because this is simply not a case that belongs in a federal court.

The New Legislation [Doc. 47-1] and proposed changes to Atlanta Taxi Ordinances [Doc. 52-4] make it clear that there are many, many questions which should be decided by the appropriate regulatory bodies before this Court. More importantly, there is a <u>difficult state law issue of first impression</u> in this case and a new state court filing which arises under the Georgia Constitution that **must** be decided by the Georgia State Courts and eventually Georgia's Supreme Court.

Since the filing of Plaintiff's Supplement, a new class action has been filed in the Superior Court of Fulton County against the State of Georgia and its Department of Public Safety which is charged with making new regulations and enforcing the new "Uber Bill". [Doc. 58-1]. It should now be clear why counsel for Plaintiffs' advised this Court that supplementation to the Motion to Remand was needed.[1] The primary "difficult question of state law" that must first be decided involves the <u>exclusive</u> property rights of owners and renters of Certificates of Public Necessity and Compliance (CPNCs) issued and sold by the City of Atlanta. As pointed out in Plaintiffs' Response to Uber and Rasier's Motion to

---

[1] Plaintiffs first raised the possible need for *abstention* in their Reply Brief and possible violations of equal protection and due process by failing to consider that 100% of the Defendant Class are Georgia residents. [Doc. 33, pgs. 12-14].

Dismiss [Doc.58, pgs. 11-14], it is Plaintiffs' contention that Georgia statutes and Atlanta's Taxi Ordinances clearly established the exclusive property right to charge and collect metered fares for rides furnished by vehicles for hire to owners and renters of CPNCs. Defendants in this case will certainly challenge this contention. They know they will lose otherwise. The new class action against the State of Georgia for inverse condemnation and taking hinges entirely on this issue. It is an issue eventually to be decided by Georgia's Supreme Court. Federal Courts should not interfere. This Court, in all fairness, should abstain.

      Respectfully submitted this 8th day of July, 2015.

                                      */s/ William A. Pannell*
                                      William A. Pannell
                                      Georgia Bar No. 561025
                                      WILLIAM A. PANNELL, P.C.
                                      433 Chateau Drive, NW
                                      Atlanta, Georgia 30305
                                      TEL (404) 353-2283
                                      FAX (404)237-2384

Keith E. Fryer
Georgia Bar No. 279037
FRYER, SHUSTER & LESTER, PC
1050 Crown Pointe Parkway, Suite 410
Atlanta, GA 30338-7701
TEL (770) 668-9300
FAX (770) 668-9465
Of Counsel

4

LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated:  July 8, 2015.

>*/s/  William A. Pannell*
>William A. Pannell

CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2015, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to counsel for Defendants:

Michael W. Tyler (GA Bar No. 721152)
mtyler@kilpatricktownsend.com
John P. Jett (GA Bar No. 827033)
jjett@kilpatricktownsend.com
Ross D. Andre (GA Bar No. 280210)
randre@kilpatricktownsend.com
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Stephen A. Swedlow
stephenswedlow@quinnemanuel.com
Amit B. Patel
amitbpatel@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Arthur M. Roberts
arthurroberts@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700


Dated:  July 8, 2015.

> */s/  William A. Pannell*
> William A. Pannell