# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Scott McCandliss, Dmidriy Abramyan, Abdikadir Ahmed, Ahmed Katun Ahmed, Ahmed Hassan, Ben Stewart Rountree, Faheem Iqbal Qureshi, Anthony D. Logan, Mohammed Abdulle, Hamoud S. Aldahbali, Jamal Abdi, Abdilahi Awale, and Mohamed A. Hussein,<br><br>   Plaintiffs,<br><br> v.<br><br>Uber Technologies, Inc., Rasier LLC, Keith Radford, Ahmed Simjee, Joshua Gantt, Leslie Gilmartin, Brian Giquel, Christopher Bosak, Christopher Johnson, Kevin Buttimer, Daniel Anderson, John Stettner, Rachel Pietrocola, Josh Varcoe, Fabian Fernandez, Aminur Choudhury, Seid Shek, Abebe Tesfaye, Samuel Worku, Jean Richard Pierre, Alexander Agbaere, Ayodele Okpodu, and Belay Dagnew,<br><br>   Defendants. | CIVIL ACTION NO. 1:14-CV-03275-WSD |

## KEITH RADFORD'S REPLY BRIEF IN SUPPORT OF
## MOTION TO DISMISS SECOND AMENDED COMPLAINT

Plaintiffs' opposition to Defendant Keith Radford's[1] motion to dismiss their Second Amended Complaint (the "SAC") is heavy on rhetorical bluster and slim on legal reasoning. The brief dwells on a host of non-responsive and unremarkable legal propositions while failing, almost entirely, to address the substance of Mr. Radford's motion. In their opposition, Plaintiffs continue to advance the weak thesis alleged in the Second Amended Complaint: that Uber, third-party transportation providers who have at one time or another allegedly used Uber's software application to receive transportation requests ("Drivers"), as well as a single Uber employee (Mr. Radford), all conspired to—and then did—violate Atlanta taxi laws, which Plaintiffs declare must be some form of actionable wrongdoing. That position falls apart under any scrutiny, particularly when tested against federal pleading standards.

In addition to adopting the numerous grounds for dismissal asserted by the Corporate Defendants, Mr. Radford has raised two independent grounds on which

---

[1] Plaintiffs elected, as they have in the past, to file a single opposition brief to the separate motions to dismiss from the Driver Defendants [Dkt. No. 55] and Mr. Radford [Dkt. No. 56]. Although both the Driver Defendants and Mr. Radford made similar arguments, their legal positions are nonetheless distinct and, as such, each is filing their own reply brief. Plaintiffs' inability or unwillingness to distinguish between Drivers and Mr. Radford, the general manager of Uber's Atlanta operations, is unfortunately emblematic of their approach to pleading in this case and their refusal to recognize that the parties amassed together in this lawsuit are not a homogenous whole.

to dismiss the Second Amended Complaint, which Plaintiffs failed to adequately address in their responsive briefing:[2] (1) that the SAC is a textbook example of a shotgun pleading, the type repeatedly and roundly disallowed by the Eleventh Circuit; and (2) that Plaintiffs are attempting to impute reverse vicarious liability on Mr. Radford for the supposed wrongdoing of his employer.

The Second Amended Complaint should be dismissed with prejudice. Plaintiffs have gone back to the well twice now (resulting in three total complaints), in a case pending nearly a year, and remain unable to meet their federal court pleading obligations. Rather than re-plead their claims in response to the deficiencies repeatedly identified, Plaintiffs have resorted to accusing Defendants' counsel of "unprofessional and disingenuous" conduct. Opp. at 3. Plaintiffs' reliance on vitriol in lieu of plausible factual allegations is unfortunate but does nothing to change the fact that Plaintiffs have now had three opportunities to get it right; their unwavering inability to do so should not be rewarded with yet another cycle of re-pleading. The Court should dismiss the SAC with prejudice.

---

[2] As set forth in Mr. Radford's motion, each of the arguments advanced by the Corporate Defendants applies to Mr. Radford with equal force and mandates dismissal. Dkt. No. 56 at 4-8. Those arguments are addressed by the Corporate Defendants in a separate reply brief.

# I. The Second Amended Complaint is an impermissible shotgun pleading.

Federal pleading standards are forgiving but not without boundaries. Basic fairness requires that a pleading allow individual defendants to discern and respond to the charges leveled against them, a point emphasized by the Eleventh Circuit in its frequent repudiations of shotgun pleadings:

> Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. Wasting scarce judicial and parajudicial resources impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice.

*Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) (internal quotation omitted).

Here, across 74 paragraphs of allegations, Plaintiffs treat the distinct groups of defendants in this case in some instances as separate actors and in yet other instances as a unified whole with no apparent rhyme or reason to either approach. That type of shifting framework, one hallmark of a shotgun pleading, is fatal to the SAC in its entirety. *Figueroa v. JP Morgan Chase Bank, N.A.*, No. 1-09-CV-1874-RWS, 2010 WL 4117032 (N.D. Ga. Oct. 7, 2010) (noting that "The Eleventh Circuit has clearly established that shotgun pleadings are an unacceptable form of establishing a claim for relief" and dismissing with prejudice shotgun pleading

allegations).

Indeed, with its host of defendants and unwillingness to clearly distinguish among them, the Second Amended Complaint is precisely the type of blunt instrument that the Eleventh Circuit has disallowed:

> The complaint is a quintessential "shotgun" pleading of the kind we have condemned repeatedly, beginning at least as early as 1991. It is in no sense the "short and plain statement of the claim" required by Rule 8 of the Federal Rules of Civil Procedure. It is fifty-eight pages long. **It names fourteen defendants, and all defendants are charged in each count. The complaint is replete with allegations that "the defendants" engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.** Each count incorporates by reference the allegations made in a section entitled "General Factual Allegations"—which comprises 146 numbered paragraphs—while also incorporating the allegations of any count or counts that precede it. **The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies.** This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, and is the type of complaint that we have criticized time and again.

*Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (citations omitted) (emphases added).

Plaintiffs' primary response to this charge is to copy-and-paste five full pages of the Second Amended Complaint's allegations back into their response

brief. *See* Opp. at 8-12.³ Blindly reasserting the same imprecise statements, however, does nothing to rescue the SAC's pleading deficiencies. It is telling that Plaintiffs cited no case law in their opposition rebutting the notion that the SAC is exactly the type of shotgun pleading that is subject to dismissal in this Circuit.

It is impossible for Mr. Radford to understand and frame a response to the bulk of the allegations in the Second Amended Complaint. His motion provided numerous examples of these difficulties, none of which Plaintiffs engaged in their opposition. The most substantial shortcoming is Plaintiffs' treatment of their own defined labels—their "Defendant" class inexplicably lumps together the Driver Defendants and, maybe, Mr. Radford,⁴ even though they are conceptually and factually different groups. Armed with their labels, Plaintiffs then plead allegations that are downright contradictory. Paragraph 44 is the best example. It alleges the myriad bad conduct that Plaintiffs attribute, writ large, to both the

---

³ Perplexingly, Plaintiffs also dwelled on the unremarkable elements for a claim of conspiracy, apparently based on the mistaken belief that the fact that a conspiracy involves multiple actors allows Plaintiffs to disregard the Federal Rules' obligations for setting forth a claim for relief. *See* Opp. at 5-7. To the extent that Plaintiffs intend their conspiracy claims as an end-run around vicarious liability, those arguments are addressed *infra*.

⁴ Mr. Radford is defined as a part of the "Defendant Class" in the SAC's Preface, but the class definition in paragraph 15 then suggests that he is not a member of the class. SAC ¶¶ Preface & 15. These inconsistencies are the only constant in the SAC.

Page **6** of **14**

US2008 7317963 1

"Uber Defendants" *and* the "Defendant Class," (which again maybe includes Mr. Radford) yet much of it unquestionably cannot apply to Mr. Radford as a matter of simple logic. SAC ¶ 44. This is identical to the situation in *Magluta*, where the Eleventh Circuit criticized a pleading that ascribed conduct to all defendants despite the fact that "realities make plain that all of the defendants could not have participated in every act complained of." 256 F.3d at 1284.

The problem is not that Plaintiffs defined labels. Rather, it is that the labels prove meaningless in the SAC—they are used in a transparent attempt to avoid a charge of shotgun pleading but without real consideration for whether the use of the labels makes sense. In almost every instance, it does not. It is virtually impossible to divine from the SAC whether each of the many allegations of wrongful conduct ascribed to various parties is truly pled as to Mr. Radford (as opposed to, for example each individually named Driver Defendant) because of Plaintiffs' inconsistent and illogical use of their own labels.

Plaintiffs' only real rejoinder is incredulity. They posit that surely Mr. Radford can understand the SAC if he just tries hard enough and that the only alternative to Plaintiffs' muddled approach would be to individually name

defendants in each paragraph, inviting a multi-hundred page pleading.[5] Opp. at 16-19. That argument misses the point. Mr. Radford is not advocating for unnecessary linguistic gymnastics. Instead, the Federal Rules of Civil Procedure entitle him to a measure of precision, such that, in a case like this that features a variety of defendants with vastly different roles, he can actually understand his place in the alleged wrongdoing. Far from encouraging absurdity, Mr. Radford's position *tracks what the law requires*.

The confusion wrought by the poor use of labels is exacerbated by the nature of the allegations. For example, in paragraph 54, Plaintiffs apparently allege that "Defendants," including Mr. Radford, somehow "cause government officials not to enforce municipal regulations," a claim that makes no sense when pled against Mr. Radford.[6] These types of incongruities are rampant throughout the SAC.

Another key feature of a shotgun pleading is the tendency to reincorporate every foregoing paragraph (including prior counts) into each subsequent cause of

---

[5] This, of course, is a problem of Plaintiffs' own making—having defined a "Defendant Class," they could have simply named one Driver Defendant in the case. Their decision to name a host of drivers in the SAC is a product of trying to exert litigation pressure, nothing more.

[6] It is hard to imagine how the general manager of Uber in Atlanta implementing Uber's policies could *cause* local government officials to (allegedly) fail to enforce the law.

Page **8** of **14**

US2008 7317963 1

action, whether those incorporated paragraphs are germane to that claim or not. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Here, that problem pervades the SAC: Count II reincorporates the entirety of Count I and every preceding factual allegation; Count III reincorporates Counts I and II; and so on. SAC ¶¶ 61, 66, 68 & 73. This consistent count-within-count tactic results in each claim including the allegations and elements comprising every preceding cause of action, though many (perhaps all) have no relevance to each subsequent count. This pleading failure, separate and apart from the issues identified above, warrants dismissal as well. *See McWhorter v. Miller, Einhouse, Rymer & Bod, Inc.*, No. 6:08-cv-1978-Orl-31KRS, 2009 WL 92846, at *3 (M.D. Fla. Jan. 14, 2009) ("[T]he Court has reviewed the Amended Complaint and *sua sponte* finds it to be a shotgun pleading, comprising a lengthy laundry list of allegations incorporated into each count whether they are relevant or not. . . . As required by Eleventh Circuit precedent regarding shotgun pleadings, the Amended Complaint will be dismissed in its entirety.").

**II. Plaintiffs are trying to impose impermissible reverse vicarious liability on Mr. Radford.**

Mr. Radford, Uber's Atlanta general manager, SAC ¶¶ 5, 51, cannot be held liable for his actions performed within the scope of his employment, which would

support a finding of wrongdoing only against his employer—Uber. Far from being, as Plaintiffs characterize it, a "straw man created by imaginative minds," this pleading failure is a basis to dismiss Mr. Radford entirely. Opp. at 17.

Plaintiffs argue that Mr. Radford is being held responsible "for his own wrongful conduct," *id.*, yet the SAC lacks any allegations of wrongful conduct separate and apart from Mr. Radford's employment with Uber. The SAC pleads that at all times Mr. Radford was acting within the scope of his employment at the direction of Uber, and within policies developed and implemented by Uber. *See, e.g.*, SAC ¶¶ 5 & 51. Plaintiffs attempt to get around this by asserting a legal conclusion—*e.g.*, that Mr. Radford was a conspirator—but the SAC does not allege any factual wrongdoing by Mr. Radford separate and apart from his station as Uber's Atlanta general manager. That is, the conspiracy allegations fail to show anything more than Mr. Radford implementing alleged Uber corporate policy, his duty as its Atlanta general manager.

The two cases that Plaintiffs cite do nothing to rescue their allegations. Plaintiffs allege that Mr. Radford is liable for "torts in which he has participated or which he has authorized or directed," citing *Coke v. City of Atlanta*, 184 F. Supp. 579 (N.D. Ga. 1960). *Coke* was a discrimination case, in which an African American man sued the City of Atlanta, a local restaurant, and the manager of that

restaurant, for discrimination after he was seated in a segregated portion of the restaurant. *Id.* at 581. The manager of the restaurant, among others, moved to dismiss. While the court recognized that an agent can be held liable for torts which he authorized or directed, it nonetheless *dismissed the manager*, stating

> The liability of the agent of the corporation for individual conduct in his capacity as agent must rest upon the breach of the duty owing to the plaintiff imposed upon him by law as a responsible individual in common with all other members of society. ***He cannot be held personally liable for the breach of a duty which is imposed only upon his principal and upon him merely by virtue of his relation.***

*Id.* at 584 (emphasis added). The SAC does not plead facts that would allow an inference that Mr. Radford authorized or directed any tortious conduct. Thus, if anything, *Coke* is favorable authority for Mr. Radford, who should be dismissed on the same reasoning – *i.e.*, because there are no factual allegations sufficient to find an independent duty owing to the Plaintiffs separate and apart from whatever duty he may have owed as an Uber employee.

Plaintiffs also cite *Jennings v. Smith*, 226 Ga. App. 765, 487 S.E.2d 362 (1997) for the proposition that an officer can be held liable for participation in torts. There is, however, no allegation in the SAC that Mr. Radford is an officer of Uber; *Jennings* is thus inapplicable.

By comparison, the cases detailed in Mr. Radford's motion to dismiss are directly on point—they concern attempts by plaintiffs, just as here, to hold an employee of a company liable for following that company's rules and regulations. *See* Radford Mot. to Dismiss [Dkt. No. 56], at 15-19 (citing, *inter alia*, *Catlett v. Wyeth, Inc.*, 379 F. Supp. 2d 1374, 1382 (M.D. Ga. 2004)).[7] There is no basis in law, or the facts of the SAC, to support such a claim. The Court should dismiss the claims against Mr. Radford.

## III. The Court should not grant Plaintiffs leave to amend yet again.

Uber removed this case to this Court on October 1, 2014. Dkt. No. 1. In response to the original state court pleading, Mr. Radford filed a motion to dismiss that challenged the original Complaint on, among others, shotgun pleading and reverse vicarious liability grounds. Dkt. No. 17. In response to that motion, Plaintiffs filed an Amended Complaint, which was specifically drafted to meet federal court pleading standards. Dkt. No. 29. Again, Mr. Radford moved to dismiss arguing, among other things, that the Amended Complaint was a shotgun

---

[7] Plaintiffs' attempt to distinguish *Catlett* is unavailing. The defendants there had been operating in conformity with the policies and procedures of their employer. The court held that the agents could not be held liable for the alleged torts of the principal—their employer. *Catlett*, 379 F. Supp. 2d at 1381. Plaintiffs also made no attempt to distinguish *Leal v. Hobbs*, 245 Ga. App. 443, 444-45, 538 S.E.2d 89, 91 (2000), discussed in detail in Mr. Radford's motion.
Page **12** of **14**

pleading based on untenable legal theories. Dkt. No. 38. The Second Amended Complaint now before the Court is the result of Plaintiffs' further efforts to moot Mr. Radford's second motion to dismiss. Now, for yet a *third time*, their pleading falls short—a reflection of the manufactured and legally unsupported nature of these claims.

Despite Plaintiffs' being on notice of the failure of the original two pleadings to distinguish among defendants and properly plead allegations against Mr. Radford, the SAC, like the two complaints that came before it, continues to emphasize quantity over quality. The SAC did not resolve the pleading deficiencies originally identified—it simply tried to mask them through a dizzying repetition of labels, often in contradictory ways, inviting only further confusion.

Plaintiffs have now had three bites at the proverbial apple. They have advanced no reason why they should be permitted to plead their claims yet again, particularly given their inability to refute Mr. Radford's arguments. *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (cautioning that courts should deny leave to amend where there has been "failure to cure deficiencies by amendments previously allowed" and where the amendment "would be futile"). The Court should dismiss the Second Amended Complaint with prejudice. *See Figueroa*,

US2008 7317963 1

2010 WL 4117032, at *3 (dismissing with prejudice shotgun pleading allegations in an amended pleading).

Respectfully submitted, this 27th day of July, 2015.

By /s/ Michael W. Tyler
Michael W. Tyler

Michael W. Tyler (GA Bar No. 721152)
   mtyler@kilpatricktownsend.com
John P. Jett (GA Bar No. 827033)
   jjett@kilpatricktownsend.com
Ross D. Andre (GA Bar No. 280210)
   randre@kilpatricktownsend.com
**Kilpatrick Townsend & Stockton LLP**
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Counsel for Keith Radford

LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: July 27, 2015.

/s/ Michael W. Tyler<br>Michael W. Tyler

# CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2015, I filed a copy of the foregoing document using the Court's ECF/CM system, which will automatically send notice of such filing to counsel for Plaintiffs:

| | |
|---|---|
| William A. Pannell<br>WILLIAM A. PANNELL, P.C.<br>433 Chateau Drive, NW<br>Atlanta, GA 30305 | Keith E. Fryer<br>FRYER, SHUSTER & LESTER, PC<br>1050 Crown Pointe Parkway<br>Suite 410<br>Atlanta, GA 30338 |

        /s/ Michael W. Tyler
        Michael W. Tyler