[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14187
Non-Argument Calendar
_____

D. C. Docket No. 1:13-cv-02218-TWT

DELTA CAB ASSOCIATION, INC.,
WORKESHET CHERINET WMICHAEL,

                                                          Plaintiffs-Appellants,

versus

CITY OF ATLANTA, GEORGIA,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 10, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

      Plaintiffs Delta Cab Association, Inc. ("Delta"), and Workeshet Cherinet

Wmichael challenge the constitutionality of the City of Atlanta's ("Atlanta")

taxicab ordinances.  Plaintiffs claim that the ordinances violate the Equal Protection clause and the Due Process clause of the Fourteenth Amendment.  The city ordinances pass constitutional muster and, as applied, do not violate the Plaintiffs' rights.  Therefore, we affirm the district court's grant of summary judgment in favor of Atlanta.

Delta is a corporation owned by taxicab drivers, one of whom is Wmichael. Atlanta's Bureau of Taxicabs and Vehicles for Hire regulates taxicabs pursuant to Atlanta City Ordinance Chapter 162.  Atlanta requires that a taxicab company must have a permit to operate, and to obtain a permit, must own or lease at least 25 taxicabs.  Each individual vehicle must also possess a Certificate of Public Necessity and Convenience ("CPNC").  Atlanta limits the total number of CPNCs to 1600.  Currently, 1555 CPNCs are outstanding and the City possesses 45 more that it could issue.  Delta owns none of the outstanding CPNCs.

The district court concluded that the Plaintiffs failed to show the requisite property interest to support a procedural due process claim and that Plaintiffs are treated no differently than other non-CPNC holders.  Furthermore, the ordinance scheme is rationally related to municipal control of the taxicab industry and serves a legitimate government interest.  On appeal, Plaintiffs argue that Atlanta has systematically failed to enforce the ordinances equally as to both CPNC and non-CPNC holders.  Plaintiffs also argue that two property interests exist in this case:

2

(1) their alleged entitlement to the granting of a CPNC; and (2) Plaintiffs' right to compete and own their own taxi company in Atlanta. We review these issues of constitutional law *de novo*. Maverick Boat Co. v. Am. Marine Holdings, Inc., 418 F.3d 1186, 1191 (11th Cir. 2005).

A viable due process claim requires proof of "(1) deprivation of a constitutionally protected property interest; (2) governmental action; (3) and constitutionally inadequate process." Miccosukee Tribe of Indians of Fla. v. United States, 716 F.3d 535, 559 (11th Cir. 2013). The Plaintiffs have presented no case law to support either of their property interest theories and or to demonstrate the necessary legitimate claim of entitlement. Doe v. Fla. Bar, 630 F.3d 1336, 1342 (11th Cir. 2011). While Doe may be distinguishable in that the certification at issue is not necessary to practice law in the same way that a CPNC is necessary to operate a taxicab company, that case does not create any sort of entitlement to permits that are required to *own* or *operate* a business. See Balt. Air Transp., Inc. v. Jackson, 419 F. App'x 932, 937 (11th Cir. 2011) ("[N]o constitutional right is implicated by a complaint that asserts a property interest in maintaining a business or earning a profit."). Also, as Atlanta argues, Plaintiffs complain, not about a permit being taken away, but about their inability to acquire a permit. This fact cuts against entitlement. Because the Plaintiffs fail to demonstrate a constitutionally protected property interest, their due process

challenge fails.

The Plaintiffs go to great lengths to argue that because Atlanta does not strictly enforce the ordinances against existing taxicab companies with operating permits, the city intentionally treats taxicab drivers differently, thus violating the Equal Protection clause.  This argument fails for at least two reasons.  First, the unequal administration of a local statute by local officers "is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination."  E & T Realty v. Strickland, 830 F.2d 1107, 1112-13 (11th Cir. 1987).  Plaintiffs have failed to demonstrate such intent or purpose beyond conclusory allegations of anti-competitive behavior.  Second, other circuits have upheld regulations that create barriers to entry for new taxicab companies.  Kan. City Taxi Cab Drivers v. City of Kansas, 742 F.3d 807 (8th Cir. 2013); Greater Hous. Small Taxicab Co. v. Houston, Tex., 660 F.3d 235 (5th Cir. 2011).  Although the Plaintiffs seek to distinguish these two cases, the regulations at issue fundamentally operate in the same manner as Atlanta's ordinances: the laws limit the number of taxicab permits – thus creating barriers to entry – in the interest of customer service.

For the foregoing reasons,[1] the judgment of the district court is

---

[1]     Other arguments raised on appeal by Plaintiffs are rejected without need for further discussion.  For example, the parties disagree about the proper interpretation of City Code Section 162-97(b).  Even if Plaintiffs' interpretation is correct, that would merely be a matter of

AFFIRMED.

---

an executive agency's failure to comply with a local ordinance.  Especially in light of the City's pattern and practice of following its interpretation, there is no evidence of discriminatory intent.